May Term,
1838.

BECKET
v.
STERRETT.

## BECKET v. STERRETT.

4b 499
129 283

Two persons were disputing about their partnership accounts as merchants, when one charged the other with pilfering out of the store. Slander for these words. *Held,* that to charge another with pilfering is actionable. *Held,* also, that it was not error to permit the plaintiff on the trial to ask a witness who heard the charge, what he understood by it, nor to refuse the defendant leave to prove that the plaintiff attended alone to the store. *Held,* also, that the judgment in this case against the defendant, on his demurrer to the evidence, was not erroneous.

APPEAL from the *Fayette* Circuit Court.

*Thursday,*
*May 31.*

SULLIVAN, J.—The declaration charges the defendant below with speaking of the plaintiff these words: " You pilfered money out of the store, and I can prove it."—" You stole money." The defendant pleaded not guilty.

On the trial, one witness proved that he heard *Becket* say to *Sterrett*, you pilfered or filched money. Whether he said pilfered or filched, the witness could not recollect. At the time of speaking the words, the parties were examining certain books of accounts and comparing them. They had been partners in a store before that time; and the books and accounts they were examining and talking about, were those of the partnership. *Becket* was calling upon *Sterrett* for an account of profit and loss at the time the words were spoken. Another witness swore that he heard the same conversation. The parties were disputing about some credits in one of the partnership books, when *Becket* said to *Sterrett*, " You pilfered money out of that store." The conversation was about their joint stock of goods, accounts, and moneys; but whether

the defendant meant to charge the plaintiff with stealing the partnership money or not, he did not understand.

The witness was then asked by the plaintiff what he understood by the words, " you pilfered money out of that store." The defendant objected to the witness' answering the question, but the Court overruled the objection and directed him to answer. The witness said he understood the words to mean, that the plaintiff had stolen the money out of the store of the defendant. The defendant then asked the witness whether the plaintiff below had not "attended alone" to the store, in which the plaintiff and defendant were partners. To this question the plaintiff objected, which objection the Court sustained, and refused to permit the witness to answer the question. To these opinions of the Court, the defendant excepted.

On a demurrer to the evidence, which was filed by the defendant, the Court held the same sufficient to maintain the plaintiff's action, and judgment was rendered accordingly.

The errors assigned are, first, That the Court erred in permitting the witness to give his understanding of the meaning of the words used by the defendant below. Secondly, That the Court erred in refusing to permit the defendant to prove that *Sterrett* "attended alone " to the store in which they were partners. Thirdly, That the Court erred in deciding the evidence on demurrer to be sufficient to maintain the plaintiff's action.

1. How far it is proper for a witness to be permitted to give his understanding of the meaning of words used in his hearing, it is not necessary in this case to decide. The words "to pilfer," in their plain and popular sense, mean to steal. To charge another with pilfering, is to charge him with stealing. The words are so manifestly slanderous, that the opinion or understanding of the witness as to their meaning, cannot change their character, and we presume it had no influence in the decision of the case. The first error assigned, therefore, cannot avail the plaintiff.

2. On the second point, we do not perceive that the Court erred. If *Sterrett* did " attend alone" to the store, it would afford to the defendant neither justification nor excuse for the words spoken by him.

3. The third error assigned presents a question of more difficulty, and that is, whether the words used by the defend-

ant below, were so explained by reference to the partnership money, as to render them not actionable. It is a well-settled principle, that where words otherwise actionable are explained at the time by reference to a particular transaction, which is known not to amount to the charge which the words would otherwise import, they shall be construed accordingly, and will not be actionable. Many cases are reported which establish and illustrate this principle. But in all such cases, the charge should be accompanied by explanatory words, or the subject-matter in allusion to which the words were spoken, should be clearly such as to show they were not actionable. Bac. Abr. tit. Slander. R.

In this case, the defendant charged the plaintiff with pilfering money out of the store. There were no words used referring to partnership moneys in the custody of the plaintiff, nor that the money of the partnership was the subject-matter, in reference to which the words were spoken, and being unexplained by the speaker, we will not search for reasons to rebut the presumption, that he intended to charge the plaintiff with a felony. There are various ways in which the plaintiff could steal money out of the store without interfering with the partnership money; and it must be intended, that the words import a charge of stealing *that* of which he could be a thief. See *Morgan* v. *Williams*, 1 Strange, 142.

In cases like the present, it is a proper question for the jury to decide, whether the words impute a charge of felony, or refer to conduct of the plaintiff not amounting to felony. *Cristie* v. *Cowell*, Peake's Cas. 4. What the jury would have done in this case, had it not been taken from them by a demurrer to the evidence, we do not know. It is enough for us to know, that the jury might have inferred from the testimony, that the words did impute a charge of felony to the plaintiff; and that being sufficient to maintain the plaintiff's action, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

C. H. *Test* and S. W. *Parker*, for the appellant.
C. B. *Smith* and J. *Perry*, for the appellee.