S. W. *Parker* and C. H. *Test*, for the defendant.

May Term, 1844.

ARMSTRONG
v.
THE STATE.

---

ARMSTRONG and Another *v.* THE STATE, on the Relation of
MORROW, &c.

When the surety of a guardian becomes dissatisfied, and applies to be discharged from further responsibility, and a further bond with additional surety is thereupon given for the performance of the condition of the former bond, the surety in the new bond is liable for the previous as well as subsequent defalcations of the guardian.

In debt on a bond with a condition, the judgment for the plaintiff was for the penalty, and also for the damages assessed and costs. *Held*, that that part of the judgment which was for the damages assessed, was erroneous.

APPEAL from the *Marion* Circuit Court.

Monday, May 27.

DEWEY, J.—The state, on the relation of *Rebecca Morrow* an infant, by *Sulgrove* her guardian and next friend, brought an action of debt against *Armstrong* and *Bell*. The declaration alleges, that, on the 10th day of *November*, 1835, *Armstrong* was appointed guardian of the relator, and gave bond, with one *M'Caw* as his surety, in the penalty of 1,000 dollars, conditioned for the faithful discharge of his duties and trusts as guardian; that on the 21st day of *March*, 1840, *M'Caw* applied to the proper authority to be discharged from subsequent liability on his bond; and that *Armstrong* having been required to execute a further bond, with additional security, for the performance of the condition of the first bond, the defendants did thereupon execute the obligation on which this suit is founded to the state of *Indiana*, in the penalty of 1,000 dollars, the condition of which, after reciting the above facts, is, " that *Armstrong* should faithfully perform the trusts of his guardianship, being the condition of the said former bond." The declaration also alleges that the new bond was approved by the proper authority "as the further bond of *Armstrong;*" that *M'Caw* was discharged from subsequent liability; that *Armstrong* failed to discharge the duties of guardian, and was, on the 8th day of *October*, 1841, removed

May Term, 1844.

ARMSTRONG
v.
THE STATE.

from his trust, and his authority revoked; and that *Sulgrove* was appointed the guardian of the relator.

The first breach assigned is, that after the appointment of *Armstrong* as guardian, and after the execution of the bond by him and *M'Caw*, and before the revocation of his guardianship, there came to and was in his hands and possession as guardian 1,000 dollars belonging to his ward; and that *Sulgrove*, after his appointment as guardian, and before the commencement of the suit, demanded of *Armstrong* to account for and pay over to him whatever money he had received belonging to *Rebecca Morrow;* that *Armstrong* refused; and that he had never accounted to the Probate Court.

The second breach need not be set out, because, as to that, there were issues of fact from which no question arises.

*Armstrong* made default. *Bell* demurred specially to the first breach, assigning for cause of demurrer, that it did not appear whether *Armstrong* had received the money of his ward before or after the execution of the bond on which the action is founded. The Court overruled the demurrer. The trial of the issues upon the second breach, and the assessment of damages, were submitted to the Court. The Court found for the defendant on one of the issues, and assessed the plaintiff's damages upon the first breach at 498 dollars and 53 cents. Judgment in favour of the plaintiff for the penalty of the bond, and also for the damages assessed and costs, with an award of execution for the latter.

The only question of any importance in this cause arises from the demurrer to the first breach of the bond assigned in the declaration. It is contended in behalf of *Bell*, that he is liable as the surety of *Armstrong* only for such money as the latter held as guardian at the date of the second bond—that executed by *Bell*—or such as he received subsequently thereto; and it is insisted that the breach is bad for want of certainty in these particulars.

But the view we take of the subject renders this matter of no consequence. Our opinion is, that the condition of the new bond embraces all the defalcations of *Armstrong*, as well those which took place before its execution, as those which happened afterwards.

The statute for the relief of the sureties of certain officers,

provides that the surety of various persons, including guardians, wishing to discharge himself from further liability on his bond, may apply in the manner pointed out for such discharge; upon which, the principal shall be required to execute "a further bond for the performance of the condition of the former bond, with such additional security as may be approved," &c.; and on the execution of the new-bond, the applicant for relief shall be exonerated from subsequent liability on the bond executed by him. R. S. 1838, pp. 423, 424.

It is evident, we think, that the legislature in requiring a *further* bond, with *additional* security for the performance of the *condition of the first bond*, did not mean that the new bond should be limited to such delinquencies of the principal as should take place after its date, but that it should include every liability incurred under both bonds. With this view the obligation on which the action is founded was given; and though the condition might have been framed in apter words, it is sufficient to accomplish its object. The expression, "being the condition of the former bond," shows that the intention of the parties was to comply with the law, and assume the required responsibility. We think the Circuit Court was correct in overruling the demurrer.

But an error was inadvertently committed. The judgment should not have included the damages found by the Court; that portion of the judgment is erroneous.

*Per Curiam.*—The judgment as to the damages assessed is reversed, and is affirmed as to the residue.

*W. W. Wick* and *L. Barbour*, for the appellants.

*C. Fletcher* and *O. Butler*, for the appellee.