## PARKER *v.* LEWIS.

P in speaking of L said, "he is a thief, he stole my wheat and ground it and sold the flour to the Indians;" held that these words are *per se* actionable in slander.

Words actionable in slander by implication of law, are to be considered as false and malicious, unless the contrary is made to appear by the evidence.

In slander when the words spoken are actionable *per se*, special damages need not be alleged or proved.

*Error to Benton District Court.*

*Opinion by* WILLIAMS, C. J. The plaintiff Lewis commenced his action on the case for slander, against the de-

fendant Parker, at September term, 1848, of the district court of Benton county. The declaration is in the usual form, and charges that the defendant, "falsely and maliciously spoke and published, of and concerning the plaintiff, defamatory words charging him with the crime of larceny." The plea of the defendant is, not guilty. The jury rendered a verdict for the plaintiff, for the sum of three hundred dollars. Defendant's counsel moved to set aside the verdict, and for a new trial, for the reasons: 1. That the verdict is contrary to the evidence, and charge of the court, and should have been for the defendant. 2. Because the damages are excessive.

This motion was overruled. To this ruling, defendant by his counsel excepted. The error assigned is, "that the court below erred in overruling the motion of defendant for a new trial, and in entering judgment on the verdict of the jury."

The testimony of all the witnesses in the case, is set forth in the bill of exceptions. The allegations of the declaration as contained in the several counts, are substantially sustained and established by proof. The evidence shows that the plaintiff Lewis owned a mill; that he carried on the business of a miller in Benton county; that the defendant Parker had taken wheat to the plaintiff's mill to be ground into flour; that a part of the wheat had been ground and tolled, according to the custom of the mill, that a part remained to be ground, when a company of Indians came to the mill to procure flour; that Lewis the plaintiff left off grinding the wheat of Parker, for the purpose of supplying the wants of the Indians. In this state of things, Parker arrived at the mill, to receive the proceeds of the wheat. Finding that only a part of his wheat had been ground, he was displeased, and expressed his dissatisfaction in harsh terms; and among other expressions he charged Lewis with stealing his wheat, to supply the Indians with flour. He at once demanded, and received the flour which had been made and tolled, together with the residue of the unground wheat,

and departed. Several witnesses proved that Parker at different times and places afterwards in Benton county, had said and published, that "old Lewis was a thief, and had stolen his wheat, and ground it, and sold it to the Indians." To some of the witnesses, he stated that "he had employed a lawyer to prosecute Lewis for it."

It appeared that a part of the testimony was of words, spoken more than one year before the commencement of the action: This, on motion of defendant's counsel, was ruled out by the court, and the jury instructed not to consider it in making up their verdict.

It was contended by defendant's counsel, on the trial below, and in this court, that the words proven, only involved a charge of fraud, or misconduct on the part of Lewis, in his business of a miller; which might be sufficient to maintain an action for special damages, as affecting him injuriously in his business of milling. That the words spoken, could not be construed legally, so as to import a charge of larceny. We think differently. The words as laid and proved, are actionable in themselves. They distinctly charge upon the plaintiff the crime of larceny; and the defendant's intention to prosecute him for it. The witnesses all testify of the words, as spoken by the defendant, without any explanatory or qualifying statements of the transaction upon which he founded the charge, which would tend to prevent those to whom he addressed himself, from coming to the conclusion that he accused Lewis of being guilty of larceny. The fact that the plaintiff was a miller at the time, and that the wheat was alleged to have been stolen by him, at his mill, for the purpose charged, does not necessarily in law, preclude the possibility of a commission of the crime of larceny. The wheat might have been taken by the defendant, to the plaintiff's mill, and before delivered into his possession as miller, have been stolen from the possession of defendant. But cases may and do occur, in which persons by falsehood and fraud, acquire possession of property, with the consent of the owner, who is ignorant of that in-

39

tent. In such case, if the evidence establishes satisfactorily, that the felonious intent existed in the mind of the person, and that he only resorted to the means of acquiring possession of the property, to carry that design into execution, by appropriating it to his own use, he would be legally chargeable with the crime of larceny. Such "taking and carrying away the personal goods of another," is as much larceny, as that where the possession is acquired without the knowledge and consent of the owner. The *quo amino* is the gist of the offense. That must be established clearly. This done, it is enough in law. If it were otherwise, the cunning and learned in thiefcraft, would leave those of their fraternity who might be less adroit than themselves, to suffer the ignominious punishment of larceny, whilst they no less guilty, would be merely put to the exercise of their peculiar tact in business, to litigate with the persons whose rights they had assailed, in a civil proceeding at law. The charge of larceny as proved, is general in its term. It is made, so as to stamp the character of the plaintiff, as that of a thief in the community.

The words spoken being actionable, by implication of law, they are to be considered as false and malicious, unless the contrary is made to appear by the evidence. No such evidence was adduced. *Byrket* v. *Morohon*, 7 Blackf. 82; *Yeates* v. *Reed*, 4 *ib.* 463; *Roberts* v. *Camden*, 9 East. 93.

It often occurs, that they who design to slander, avoid direct and affirmative charges of crime, or pretend to make some qualification of the words spoken, so as to perpetrate the injury, and at the same time escape the legal consequence. This however, will not avail, if the words are calculated, as spoken, to induce the hearers to suspect that the plaintiff is guilty of the crime. In such case an action will be maintained. Starkie on Slander, 58; *Drummond* v. *Leslie*, 5 Blackf. 453. It has also been decided, that "words not actionable in themselves, may express a criminal charge, by reason of their allusion to some extrinsic fact, or in consequence of being used and under-

Parker *v.* Lewis.

stood in a particular sense, different from their natural meaning, and thus become actionable. *Hays & wife* v. *Mitchell & wife*, 7 Blackf. 117. This accords with the spirit of the law, which, when duly enforced, is designed to establish the right, and afford adequate redress for the wrong.

In cases like this, the defendant to avail himself of the defense here attempted, should be able to show on proof, that explanatory words were used, or that the subject matter in allusion to which, the words were spoken, was clearly such as to show they were not actionable. Bac. Abr. Title, Slander R; *Beckett* v. *Sterrett*, 4 Blackf. 501. In this last cited case, the parties were partners in the business of merchandising. When settling up the concern, Becket said to Sterrett, "You pilfered money out of the store." The judge who delivered the opinion of the court says, "There were no words referring to partnership money in the custody of the plaintiff, nor that the money of the partnership was the subject matter, in reference to which the words were spoken, and being unexplained by the speaker, we will not search for reasons to rebut the presumption that he intended to charge the plaintiff with a felony. In cases like this, where by the defense, the question is raised as to the words, whether they impute a felony, it is proper for the jury to decide it."

It was also contended by the counsel for defendant, that in this case, the plaintiff should have been held to the allegation and proof of special damages. We have decided that the words as laid, and proved to have been spoken, are actionable, Where such is the case, special damages need not be alleged, or proved.

We think that the damages are not excessive. We find no error in the refusal of the district court to set aside the verdict, and grant a new trial.

Judgment affirmed.

*J. P. Cook* and *Wm. Smyth*, for plaintiff.

*I. M. Preston*, for defendant.