Nov. Term, 1858.

BUTTON
v.
FERGUSON.

*D. Nation*, for the state.

---

## RODERICK *v.* DEAM.

*Friday,
December* 10.

---

## BUTTON *v.* FERGUSON.

Where the Court finds the facts in a cause and states a conclusion of law therefrom, and such facts and conclusion are reduced to writing, signed by the judge, and filed, no bill of exceptions is necessary to make such paper a part of the record.

*Friday,
December* 10.

APPEAL from the *Cass* Circuit Court.

HANNA, J.—This was an action by *Ferguson* against *Button*, commenced before a justice of the peace, to recover the value of a pair of oxen. On appeal to the Circuit Court, and trial before that Court, there was a finding and judgment for the plaintiff for 85 dollars. A motion for a new trial was made, overruled, and the ruling excepted to, as we are informed by the record as made by

the clerk. No bill of exceptions appears in the record. As

a part of the transcript, there is copied what purports to be a statement, in writing, of the facts, and the conclusion of law upon them, which is signed by the circuit judge.

The first point presented is, whether, under our practice, there is any question presented by the record, in such form as to enable us to consider it.

It is argued that, unless a bill of exceptions had been taken to the ruling of the Court upon the motion for a new trial, and the finding of facts and the conclusion of law therein embodied, that the same are not, necessarily, a part of the record, and are not, therefore, properly before us.

The statute (2 R. S. p. 115) is, that upon the trial of questions of fact by the Court, no other finding is necessary, "except generally for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the Court upon the questions of law involved in the trial, in which case the Court shall first state the facts in writing, and then the conclusions of the law upon them, and judgment shall be entered accordingly."

The only question attempted to be made is upon the facts thus found, and the conclusion of law thereon, by the Court.

We are inclined to the opinion that where the finding and conclusion are stated in writing and signed by the judge, and filed, as in this instance was done, no bill of exceptions is necessary to make such paper a part of the record; but that § 559, 2 R. S. p. 159, regulating appeals to this Court, makes it a part of the record. That section provides, among other things, that "all papers pertaining to a cause, and filed therein, are to be deemed parts of the record," &c.

As this paper pertained to the cause, and was filed therein, we are of opinion it was a part of the record without a bill of exceptions, and we cannot see any necessity for an exception, in this case, to the ruling upon the motion for a new trial, in any other form than would be required to reserve a point upon a decision upon demurrer, for the rea-

son that the ground of objection sufficiently appeared in the record. In that form the exception was made, and we think it enables us to examine the error assigned upon it.

The question then presents itself, whether the facts found sustains the conclusion as to the liability of the defendant. We have examined the finding of the Court, and are of opinion that the judgment thereon was correct.

*Per Curiam.*— The judgment is affirmed, with 10 per cent. damages and costs.

*H. P. Biddle* and *B. W. Peters,* for the appellant.

*L. Chamberlin,* for the appellee.