## RODGERS *v.* LACEY.

DEMURRER.—The action of the court below in overruling a demurrer is properly before this court on appeal, without having been assigned as a cause for new trial in the court below. Page 508.

SAME.—When the demurrer is to the entire paragraph in a complaint for slander, it should be overruled, if any set of words charged in the paragraph are actionable. Page 508.

SLANDER.—The words, "Mrs. *L.* is as hard a whore as ever was in *Logansport,*" are actionable *per se.* Page 508.

SAME.—The words, "it was no doubt but that *George Howk* was as intimate with Mrs. *L.* (the plaintiff meaning) as with his own wife;" "that he (the defendant meaning) could prove by three witnesses that *George Howk* came out of the bed-room where Mrs. *L.* (meaning plaintiff) was with his trowsers down," are actionable *per se.*

SAME.—Words are to be understood in their plain natural import, according to the ideas they are calculated to convey to those to whom they are addressed. Page 509.

APPEAL from the *Cass* Circuit Court.

GREGORY, J.—*Lacey* sued *Rodgers* in the court below for slander. The complaint consists of two paragraphs, to each of which the defendant demurred; the demurrers were overruled, and defendant excepted.

He answered in four paragraphs; demurrers were filed to the third and fourth, but before any action was had by the court on the demurrers the plaintiff replied. Trial by a jury; verdict for the plaintiff for *one cent damages;* motion for a new trial overruled; motion to tax costs against the plaintiff below overruled. There is no bill of exceptions in the transcript of the record. The only questions properly before this court arise on the action of the court below in overruling the demurrers to each paragraph of the complaint.

It is insisted that this court can not review the action of the Circuit Court in overruling the demurrers to the complaint, because the defendant below did not assign that as a cause for a new trial. This is not an "error of law occurring at the trial," within the meaning of the statute; it is the ruling of the court on a question preliminary to the trial, and is properly before this court in the case at bar. *Button* v. *Furgerson*, 11 Ind. 314.

The demurrers being to each entire paragraph, the rule is that the demurrers ought to have been overruled, if any set of words charged in the paragraph demurred to is actionable.

The statute provides that "every charge of incest, fornication, adultery, or whoredom, falsely made by any person against a female, . . . shall be actionable in the same manner as in the case of slanderous words charging a crime, the commission of which would subject the offender to death or other degrading penalties." 2 G. & H. 333, sec. 788.

The *first* paragraph of the complaint charges the speaking and publishing, among others, these words: "That Mrs. *Lacey* (meaning the plaintiff) was as hard a whore as ever was in *Logansport;*" and it is averred in this paragraph that the words, "that Mrs. *Lacey* was as hard a whore as ever lived in *Logansport*," had, at the time and place, when and where the said words used by the defendant, a provincial meaning to have carnal intercourse, and the plaintiff avers that the defendant used said words in a criminal sense, and thereby meant, and was understood by those who heard him to mean, the act of having carnal intercourse, and meant to charge, and was so understood by those who heard him, that the plaintiff was guilty of such acts with divers and sundry persons, and was a public prostitute.

The words used are actionable *per se;* the charge is "whoredom" within the meaning of the statute. The words, "as ever was in *Logansport*," are used as a degree

Rodgers *v.* Lacey.

of comparison, making the charge more or less intense, according to the understood reputation of women of ill-fame in that place. The demurrer to this paragraph was rightly overruled.

The *second* paragraph charges the speaking and publishing, among others, these words: " It was no doubt but that *George Howk* was as intimate with Mrs. *Lacey* (the plaintiff meaning) as with his own wife." "That he (said *William Rodgers* meaning) could prove by three witnesses that *George Howk* came out of the bed-room, where Mrs. *Lacey* (this plaintiff) was, with his trowsers down."

Cohabitation between husband and wife is a legal presumption, and is always indulged in the absence of extrinsic circumstances.

We think the words charged in the *second* paragraph, above stated, are actionable *per se.* The cases of *Guard* v. *Risk,* 11 Ind. 156, and *Shields and Wife* v. *Cunningham,* 1 Blackf. 86, are to this point, in our opinion. It is true that a different form of expression was used in these cases to the one at bar, but the principle is the same.

The doctrine of construing words in *mitiori sensu* has been exploded, and a more rational rule now prevails; that words are to be understood according to their plain and natural import, according to the ideas they are calculated to convey to those to whom they are addressed. Mr. *Starkie,* in his valuable Treatise on Slander, states the rule as follows: "Both judges and jurors shall understand words in that sense which the author intended to convey to the minds of the hearers, as evinced by the whole circumstances of the case. It is the province of the jury, where doubts arise, to decide whether the words were used maliciously and with a view to defame; such being matter of fact, to be collected from all concomitant circumstances, and for the court to determine whether such words, taken in the malicious sense imputed to them, can alone, or by the aid of the circumstances stated upon the record,

form the legal basis of an action." *Demarest* v. *Haring*, 6 Cowen, 76, and cases there cited.

The judgment of the Circuit Court is affirmed, with *ten per cent. damages.* Costs here.

*L. Chamberlain,* for appellant.

*D. D. Pratt* and *D. P. Baldwin,* for appellee.