## TAYLOR *v.* SHORT.

SLANDER.—*Larceny.*—*Embezzlement.*—Where the plaintiff in an action for slander had been the agent of the defendant, and as such agent had received money, and on an attempted settlement the defendant said of the plaintiff, "You stole my money; yes, you kept my money," the word "stole" would import larceny, were it not that the other set of words and the relation existing between the parties, of which relation the conversation was had, justified the finding of the jury that the intention was to charge embezzlement; and the special finding of the jury to that effect supplied any defect in the averment that this relation was the subject of the charges.

PRACTICE.—*Failure to Answer.*—Where a trial is had without an answer to a paragraph of a complaint, the paragraph will be regarded as controverted without an answer.

APPEAL from the Tippecanoe Circuit Court.

DOWNEY, J.—The appellee sued the appellant for slander, and after issues were formed, and a trial by jury had, there

Taylor *v.* Short.

was a verdict and judgment for the plaintiff. Several errors are assigned, which we will proceed to consider in their order.

There was a demurrer to the second, third, fourth, and fifth paragraphs of the complaint, and they were all overruled. The question relating to the sufficiency of these paragraphs is the first for our consideration.

The second paragraph of the complaint alleges, that at the time hereinbefore mentioned, to wit, July 30th, 1869, and for two months previous thereto, she was employed by the defendant as an agent, employee, and servant, to attend a hotel for him, which hotel is situated, etc.; that in the capacity in which she so acted, while so employed, she received and took in and expended, for the use of the defendant, the moneys arising out of said business; that while she was acting as his agent, etc., aforesaid, the defendant, on, etc., at, etc., while endeavoring to make a settlement with her, and in the presence and hearing of a number of citizens of said town, spoke the following false and slanderous words of, to, and concerning the plaintiff, that is to say: "Yes, you" (meaning the plaintiff) "stole my money," meaning then and there, and thereby, that the plaintiff had committed the crime of embezzlement; "you" (meaning the plaintiff) "stole it," meaning then and there, and thereby, that the plaintiff had committed the crime of embezzlement; "you" (meaning the plaintiff) "stole my money," meaning then and thereby that the plaintiff was guilty of the crime of embezzlement; "you" (meaning the plaintiff) "are a thief," meaning then and thereby that the plaintiff was guilty of the crime of embezzlement; "yes, you" (meaning the plaintiff) "are a thief," meaning then and thereby that the plaintiff was guilty of the crime of embezzlement; and upon being asked by the plaintiff, "Do you call me a thief?" he answered: "Yes, you" (meaning the plaintiff) "are a thief," meaning then and thereby that the plaintiff was guilty of embezzlement; "you" (meaning the plaintiff) "stole my money, and why don't you give it up?" meaning then and

there, and thereby, that the plaintiff was guilty of the crime of embezzlement; "you thief" (meaning the plaintiff), "you know where it is," meaning then and thereby that the plaintiff was guilty of the crime of embezzlement; "pack up your rags and leave, you thief you," meaning the plaintiff, and meaning, then and there, and thereby, that the plaintiff had committed the crime of embezzlement. By which false and slanderous words the plaintiff says she is damaged in the sum of five thousand dollars, for which she demands judgment.

The specific objection urged against this paragraph of the complaint is, that it does not allege that the words were spoken concerning the relation the parties had borne to each other, and the words themselves do not apply to that relation, but simply charge theft, if anything; that the averments cannot be used to place a meaning on words other than such as they signify in ordinary parlance, unless, in their application, it is averred that they were used in some other sense; that the statement of the colloquium does not aver that the conversation related to the employment the plaintiff held under the defendant; and that the innuendo cannot extend the meaning.

Some of the sets of words are actionable *per se*, without the statement of any extrinsic facts, by way of colloquium; and hence, as the demurrer was to the whole of the paragraph, it was properly overruled, whatever may have been the fact as to the sufficiency of the other sets of words. *Rodgers* v. *Lacey*, 23 Ind. 507; *Harrison* v. *Findley*, 23 Ind. 265.

We need not examine the third, fourth, and fifth paragraphs of the complaint, with reference to their sufficiency, as the jury, by a special finding, show that the words spoken were not any of those contained in either of these paragraphs, but were words which are set out in the first and also in the second paragraph.

For the same reason, we need not consider the third error assigned, that is, the sustaining of the demurrer to the sec-

ond paragraph of the answer to the third, fourth, and fifth paragraphs of the complaint.

The seventh assignment of error is, that the court erred in trying the cause without an answer to the second paragraph of the complaint. If the defendant desired to answer that paragraph, there could have been no reasonable objection to his doing so at the proper time. As he did not do so, but allowed the cause to be brought to trial without having filed any answer, he should not complain at this late stage of the case. It must be held, that an answer to the second paragraph of the complaint was waived, and that the parties regarded that paragraph as controverted without an answer to it. *Train* v. *Gridley*, 36 Ind. 241, and cases there cited.

The jury, in addition to their general verdict, found, in answer to interrogatories at the instance of the defendant, as follows:

" 1. Which, if any, of the words charged in plaintiff's complaint were spoken by the defendant? Set them out. Answer. 'You stole my money;' 'yes, you kept my money.'

"2. If any words are found to have been spoken, in answer to question one, then answer when, where, and in whose presence were such words spoken? Answer. About the 30th day of July, 1869, in the town of West Lebanon, in the hotel owned by the defendant, in the presence of Mrs. Taylor and Mrs. Sabius.

" 3. Before the speaking of said words, had not the plaintiff been engaged as an employée or superintendent of a hotel of defendant's at West Lebanon, Indiana, under a contract with the defendant? Answer. Yes.

"4. In the capacity of such employee or superintendent, had she not rightfully received moneys of the defendant accruing from said hotel? Answer. Yes.

" 5. Did the plaintiff and defendant, on or about the 30th day of July, 1869, make an attempt to take an account of the plaintiff's receipts and disbursements as such employee in such hotel? Answer. Yes.

"6. Did not the defendant assert and claim that the plaintiff had failed to account for and pay over to him money received by her as such employee at such hotel? Answer. Yes.

"7. Was it or was it not in reference to such alleged failure of the plaintiff (whether real or supposed) to account for and pay over money received by her as employee in such hotel, that the defendant spoke the words set out in answer to question one? Answer. It was.

"8. Were not the words above found to have been spoken understood at the time they were spoken, by all who heard them, to have reference to the plaintiff's alleged failure, whether real or supposed, to pay over moneys received by her as employee in said hotel? Answer. Yes.

"9. At the time said words were spoken, did all those who heard them know that the plaintiff had been employed by the defendant as an employee or superintendent of a hotel, and that the defendant, in speaking said words, had reference to a real or supposed failure of hers to account for and pay over moneys rightfully received by her as such employee? Answer. Yes."

The defendant moved the court for a new trial, which motion the court overruled. The evidence is not in the record, and it presents nothing for our decision upon this part of the case.

The defendant then moved the court to give judgment for costs in his favor on the special findings of the jury in their answers to the interrogatories, the general verdict of the jury to the contrary notwithstanding. This motion was also overruled by the court, and the defendant excepted.

Except that the business relations of the parties had not been exactly the same, this case is very much like *Becket* v. *Sterrett*, 4 Blackf. 499. There the parties had been partners, and, disputing about their account, the defendant said to the plaintiff, "You pilfered money out of the store, and I can prove it; you stole money." There was no statute then in force defining and punishing the crime of embezzlement,

and perhaps it would not, if then in force, apply to such a case as that; and the court put the case on the ground that there were various ways in which the plaintiff could steal money out of the store, without interfering with the partnership money, and that it must be intended that the words imported a charge of stealing that of which he could be a thief. We are of the opinion that the words found by the jury to have been spoken, taken in connection with the facts found by the jury, imported a charge of embezzlement, and that they were actionable. That the defendant used the word "stole," would show, if it was not qualified by other words, or by the transaction concerning which the parties were speaking, that he intended to charge the crime of larceny. But the other words in the set, "Yes, you kept my money," and the relation which had existed between the parties, and which was the subject of the conversation, justified the jury in finding, under the second paragraph of the complaint, that he intended to charge the plaintiff with embezzlement.

The defendant, finally, moved the court in arrest of judgment, but for what reason is not shown. If it was on account of the supposed insufficiency of the complaint, it was correctly overruled.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing has been filed in this case on the ground that the second paragraph of the complaint is held by us to be based upon a charge of theft, and as the facts found by the jury show that the charge could not have been theft, there was a fatal variance between the proof and the allegations. It may be proper, in overruling the petition, to state a little more fully our views. We did not decide, in the original opinion, that there was not a charge of embezzlement in the complaint. If there is not, it is only because there was no averment that the conversation was of and concerning the business relation which ex-

isted between the parties.' If the averments do not show a charge of embezzlement, then we think it clear that they do show a charge of larceny. The words, "you stole my money," and the words, "you are a thief," import a charge of larceny. The appellant contends that the averments in the paragraph do not show a charge of embezzlement. If not, then certainly the words import larceny. In either view, then, whether the paragraph imports a charge of larceny or of embezzlement, the demurrer was properly overruled.

Upon the other question decided by us, we held that the court committed no error in overruling the defendant's motion for judgment in his favor on the special findings, notwithstanding the general verdict. On this point we held that the words which the jury found to have been spoken, taken in connection with the other facts found, imported a charge of embezzlement. Notwithstanding the paragraph of the complaint contained no averment that the words spoken were spoken of and concerning the relation which existed between the parties, the jury found that fact, in their verdict, at the instance of the defendant; they found that the business relation existed, and that the words spoken were spoken of and concerning that relation. If the paragraph of the complaint was defective, as one containing a charge of embezzlement, because it did not contain that averment, the jury has supplied the omitted fact in their finding. Should we reverse the case for the want of that averment, the court might allow it to be inserted in the complaint, and then the same facts found again would make out the case under the amended complaint. We think the verdict should be held to cure the defect in the pleading, if there was any defect. *Howorth* v. *Scarce,* 29 Ind. 278; *Westfall* v. *Stark,* 24 Ind. 377; *Peck* v. *Martin,* 17 Ind. 115.

Petition overruled.

*R. P. Davidson, A. J. Roush, S. A. Huff, B. W. Langdon,* and *J. S. Pettit,* for appellant.

*J. R. Coffroth, T. B. Ward, R. P. De Hart, G. O. Behm,* and *A. O. Behm,* for appellee.