The Indiana Manufacturing Co. v. Porter.

------

No. 8205.

THE INDIANA MANUFACTURING CO. v. PORTER.

ORDER FOR MONEY.—*Action on.*—*Promise.*—*Consideration.*—*Pleading.*— Where an order is given payable out of a particular fund, it operates as an equitable assignment of so much of such fund as is specified in the order, and in a suit therefor no consideration need be averred for the promise of the holder of the fund to pay it.

SAME.—*When Promise of Drawee to Pay not Necessary.*—An obligation of

The Indiana Manufacturing Co. *v.* Porter.

the holder of such fund to pay the drawer of such order imposed upon him the duty to pay the payee of the order, and, if he received and retained the money as alleged, the payee can maintain a suit therefor against the holder of the fund without an express promise to pay it.

SAME.—*Demand.*—If, before such suit, any demand was necessary, the allegation in the complaint, that "the defendant refused to pay the plaintiff, though often requested," shows a sufficient excuse for not making a formal demand for payment.

STATUTE OF FRAUDS.—*Promise of Debtor.*—Where a debtor promises to pay the debt to one other than the creditor, such promise is not within the statute of frauds.

From the Miami Circuit Court.

*R. P. Effinger* and *N. O. Ross*, for appellant.

*J. L. Farrar, J. Farrar* and —— *Carpenter*, for appellee.

BEST, C.—This action originated before a justice of the peace, and was founded upon the following order:

"The Indiana Mfg. Co. will pay J. R. Porter, or order, $40.00 from any amount due me on orders, or for services, and $20.00 from any amount which may be due me for the month of September, and $20.00 from any amount which may be due me from orders or services for October; and $20.00 which may be due me from orders or for services for November, 1876.                    JOHN STILLINGER."

The appellee was the plaintiff, and it was averred in the complaint, that John Stillinger, in the year 1876 delivered to the plaintiff the above order, "thereby directing the defendant to pay the plaintiff the several sums mentioned therein," which, "it is averred, the defendant promised the plaintiff to do." It is further averred that "the defendant retained, out of the moneys going to and belonging to said John Stillinger, from the defendant herein, $20.00 for the month of September, $20.00 for October, and $20.00 for November, 1876, in all $60, which defendant refuses to pay to said plaintiff, though often requested so to do, but keeps and retains said money to his own use."

The appellant was defaulted before the justice, appealed to the circuit court, and there moved to strike out the complaint for insufficiency. This motion was overruled, and an exception was taken. A trial by jury resulted in a verdict for the appellee. A motion for a new trial, because the verdict was contrary to the law and not supported by sufficient evidence, was overruled, and an exception reserved. Final judgment, from which the appellant appeals, and assigns as error, that the complaint is insufficient to sustain the judgment, that the court erred in refusing to strike out the complaint, and in overruling the motion for a new trial. Several objections are urged against the sufficiency of the complaint.

The first is, that no consideration is averred for the promise of the appellant. As the order was payable out of a particular fund, it operated as an equitable assignment of so much of said fund as is specified in the order, and in a suit for such part of the fund no consideration need be averred for the promise of appellant. *McKernan* v. *Mayhew*, 21 Ind. 291; *Morton* v. *Naylor*, 1 Hill, 583.

The obligation of appellant to pay Stillinger imposed upon it the duty to pay Stillinger's assignee, and if appellant received and retained the money as alleged, the appellee could maintain the suit without averring an express promise. Again, the reception and retention of the money belonging to the appellee, as averred, rendered it liable to him without an express promise.

The second objection is, that the promise was to pay the debt of another, and, as it was not in writing, it is within the statute of frauds. This is a mistake. The promise was not to pay the debt of another, but a promise to pay appellant's own debt to another. Such promises are not within the statute. Browne Statute of Frauds, section 165.

The remaining objection is, that no special demand was

averred. If a demand were necessary, the allegation that "the defendant refused to pay the plaintiff, though often requested," is a sufficient excuse for not making it.

The motion for a new trial was properly overruled. The evidence tended to support every material averment in the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the costs of the appellant.