No. 9026.

McFADDEN v. WILSON ET AL.

GUARDIAN AND WARD.—*Assignment by Ward.*—*Attorney.*—*Money Had and Received.*—*Complaint.*—A guardian, whose ward had reached full age, made his final report, showing due the ward $245, and that the money was paid into court, and left it and the money with his attorney, to present to the court, pay in the money and procure his discharge. On the same day, the ward assigned by a writing $150 of this money to the plaintiffs, but the attorney, upon demand, refused to pay it to them, but

did pay it to the ward. The complaint against the attorney was in the ordinary form for money had and received.

*Held,* that the complaint was good, and the plaintiffs were entitled to recover.

From the Shelby Circuit Court.

*J. B. McFadden, E. S. Stilwell, B. F. Love* and *H. C. Morrison,* for appellant.

*D. L. Wilson, O. B. Phillips, E. K. Adams, T. B. Adams* and *L. T. Michener,* for appellees.

ZOLLARS, J.—This action was commenced by appellees against appellant, on a complaint for money had and received.

Upon a finding of facts, and conclusions of law thereon, judgment was rendered against appellant. Error in the conclusions of law is assigned in this court. It is claimed by appellees, that no question is before us on this assignment of errors, because it does not appear by the record that the special finding of facts was made at the request of either party. They are correct as to the requirements of the law, but mistaken as to the record. There is a statement in the bill of exceptions as follows: "And thereupon the court, at the request of the defendants, made the following special findings, and rendered the following judgment, to wit: See page 12, line 9, to page 16, line 31, of this transcript."

At the pages indicated the special findings and conclusions of law, properly signed by the judge, are set out in full. Being copied into the record by the clerk, they are a part of it without a bill of exceptions, and may be thus referred to without recopying into the bill of exceptions. *Button v. Ferguson,* 11 Ind. 314; Works Pr., section 805; *Colee v. State,* 75 Ind. 511, and cases cited; *Smith v. Lisher,* 23 Ind. 500. The bill of exceptions, we think, sufficiently shows that the special finding of facts was made upon the proper request.

Originally, the complaint consisted of two paragraphs. To each of these a demurrer for want of sufficient facts was filed. As to the first, it was sustained; as to the second, it was overruled. This latter ruling is assigned as error. Omitting

formal parts, the substance of the second paragraph is that appellant is indebted to appellees in the sum of $150 for money had and received by him to their use, on the 28th day of October, 1879, which he has refused, and still refuses, to pay to them, although the same was demanded of him before suit. It is objected that the facts are not set out with the particularity required by the code. The paragraph is brief, but we think sufficient. Van Santvoord Pl. 429; *Alexander* v. *Gaar*, 15 Ind. 89; *Spears* v. *Ward*, 48 Ind. 541.

The portion of the special finding of facts necessary to be set out may be summarized as follows: One William C. Davis was the guardian of one John Hillyer, and had in his hands, after the payment of all expenses of the guardianship, $245. On the 27th day of October, 1879, Hillyer became twenty-one years of age. At that time he was in jail on a criminal charge, and employed appellees as his attorneys. On the day following he executed the following written instrument, which was duly acknowledged before a notary public, viz.: "Know all men by these presents, that I, John Hillyer, for value received, and in consideration of the services of David L. Wilson, Oliver B. Phillips and Ed. K. Adams, in my behalf, as my attorneys in two cases now pending in the Shelby Circuit Court, wherein the State of Indiana is plaintiff and I, the undersigned, defendant, in each of which cases I am charged with grand larceny, hereby transfer, assign and set over to the said Wilson, Phillips and Adams all my right, title, claim and interest in and to all of the money and assets belonging to me now in the hands of William C. Davis, not exceeding the sum of $150; the said money being in the hands of said Davis, and held by him for my use and benefit in the capacity of guardian of my person and estate; said guardianship having expired on the 27th day of October, A. D. 1879, and said guardian not having as yet made to the court his final report of his said trust. And I do hereby, and by these presents, appoint and select the said Wilson, Phillips and Adams, or either of them, as my attorneys in fact, to receive from the

said Davis, or from any other person having the custody of the whole, or any part of the said money, the said sum of $150 of said trust money (to have and to hold the same as their own forever) as fully as I would be entitled to receipt for the same to any person in the custody thereof. In witness whereof," etc.   This was signed and acknowledged.

On the day this instrument was executed the guardian, Davis, preparatory to final settlement and discharge from his trust, employed appellant as his attorney to prepare his final report, and also a receipt for Hillyer to execute for the $245, to be filed as a voucher. This receipt the guardian presented to Hillyer in the presence of appellant, with the request that he should sign it. He declined to do so, saying that he had promised to give his attorneys an order on the guardian for $150. The final report so prepared contained a statement of the amount due Hillyer, and the further statement, " which amount he, the guardian, now brings into court." Being called away, the guardian left the report and money with appellant, with an agreement that he should file the report and pay the money into court for the purpose of getting a final discharge. While the money was thus in the hands of appellant, one of the appellees presented to him the written instrument above set out, at the same time giving him to understand that he claimed the right to, and the right to receipt for, the sum demanded, viz., $150.

Appellant refused to pay any sum upon the demand. When the demand was made, Hillyer was present protesting against the payment of the $150 to appellees, but consenting that $50 might be paid to appellee Phillips as his portion of the fee. This Phillips refused, unless all was paid. Appellant then stated that as there was a controversy as to the right to the funds, he would pay the same into court; to which Phillips, representing appellees, assented. Subsequently, on the same day, Hillyer demanded of appellant the whole amount of $245, and appellant, without the knowledge of appellees, paid it over, took his receipt to the guardian, filed and pre-

sented the final report and receipt to the court, and procured the guardian's discharge. Appellees have not received any portion of the $150 mentioned in the written instrument above set out. Upon the facts so found judgment was rendered in favor of appellees against appellant for $150. The conclusions of law were excepted to, and the question is before us by a proper assignment of error. It-is insisted by appellant that the facts found do not make a case against him under the complaint for money had and received. A standard author, citing cases in support of his statement, gives the following as cases in which an action will lie for money had and received: "An action of assumpsit for money had and received is an equitable remedy that lies in favor of one person against another, when that other person has received money either from the plaintiff himself or third persons, under such circumstances, that in equity and good conscience he ought not to retain the same, and which, *ex æquo et bono*, belongs to the plaintiff." 4 Wait Actions and Defenses, p. 469.

"If the plaintiff's right to the money is established, and the defendant is shown to have received it under such circumstances that he ought not to retain it, the law implies a promise to pay it to the party who ought to have it." 4 Wait Actions and Defenses, p. 469.

"If money is paid to an agent for his principal, or if money is given by one to another to keep for him, and the agent or depositary deposits it in bank in his own name, the principal may recover it of the bank in this form of action." 4 Wait Actions and Defenses, p. 470.

"Whenever a person has money in his possession, however he may have come by it, that belongs to another, and which, *ex æquo et bono*, he has no right to retain, the person to whom it belongs may maintain an action for it, as for money had and received." 4 Wait Actions and Defenses, p. 471.

"So it lies against the assignor of a debt or claim who af-

terward receives the money thereon from the debtor." 4 Wait Actions and Defenses, p. 473.

Of the numerous cases cited by the author we content ourselves with a reference to the following only: *Bullard* v. *Hascall,* 25 Mich. 132; *Mason* v. *Waite,* 17 Mass. 560; *Beardsley* v. *Root,* 11 Johns. 464 (6 Am. Dec. 386). See, also, *Hunt* v. *Milligan,* 57 Ind. 141; *Ferguson* v. *Dunn,* 28 Ind. 58; *Hatten* v. *Robinson,* 4 Blackf. 479; *McQueen* v. *State Bank,* 2 Ind. 413; *Muir* v. *Rand,* 2 Ind. 291.

In the case in hearing, the money in the hands of Davis belonged to the ward, Hillyer. Upon becoming of age the guardianship was at an end; he became immediately entitled. to it, and might have maintained an action therefor without previous demand. The duty of Davis was to pay it to him and not into court. *State, ex rel.,* v. *Steele,* 21 Ind. 207; *Stroup* v. *State, ex rel.,* 70 Ind. 495; *State, ex rel.,* v. *Fleming,* 46 Ind. 206; *Scott* v. *State, ex rel.,* 46 Ind. 203; *Jones* v. *Jones,* 91 Ind. 378; *Voris* v. *State, ex rel.,* 47 Ind. 345; *Stumph* v. *Pfeiffer,* 58 Ind. 472.

Had the money remained in the hands of Davis, and had Hillyer assigned the whole of it to appellees by a written assignment such as that above set out, there could not be any question about the liability of Davis had he refused to pay it over. And whatever may be the rule at law and the practice in other forums, we think that in equity and under our code, blending law and equity in the practice, Hillyer could make a valid assignment of a part of such fund, and that upon such an assignment Davis would have been liable to the appellees whether he consented to the assignment or not.

After stating the rule at law Judge Story says: "But in cases of this sort, the transaction will have a very different operation in equity. Thus, for instance, if A., having a debt due to him from B., should order it to be paid to C., the order would amount in equity to an assignment of the debt, and would be enforced in equity, although the debtor had not assented thereto. The same principle would apply to the case·

of an assignment of a part of such debt. In each case, a trust would be created in favor of the equitable assignee on the fund, and would constitute an equitable lien upon it." Story Eq., section 1044. See, also, *Morton* v. *Naylor*, 1 Hill, 583; *McKernan* v. *Mayhew*, 21 Ind. 291; *Indiana, etc., Co.* v. *Porter*, 75 Ind. 428; *Groves* v. *Ruby*, 24 Ind. 418; *Lapping* v. *Duffy*, 47 Ind. 51.

It is contended in argument that appellant occupied a position different from that of Davis; that having received the money from Davis, with special instructions, he became the agent of Davis, and bound to obey such instructions, and that he can not be made liable for so doing; that Davis, under the instructions given, did not lose control of the money, and hence appellant received and held it as the money of Davis, and not of Hillyer. We think the position not tenable. In the first place, as a matter of fact, appellant did not obey the instructions of Davis. Instead of paying the money into court as directed, he paid it to Hillyer. And as the money did not belong to Davis, but to Hillyer, and as it was the duty of Davis to pay it over to Hillyer and not into court, there can be no doubt that Hillyer had the right to demand it of appellant. Had Hillyer made such demand, and had appellant refused, Hillyer undoubtedly might have maintained an action for it, and appellant could not have sheltered himself behind the instructions from Davis. Nor could Davis have held him liable for paying it over to Hillyer. Hillyer did not object to the custody by appellant. The money in the hands of appellant was there on its way to Hillyer, the rightful owner. In all that Hillyer did and said after it came into the hands of appellant, he ratified the act of Davis in placing it there. Upon such ratification it was not in the power of Davis to recall it, as against the demand of Hillyer. This, if nothing else, distinguishes the case from those cited by appellant, and takes it out of the rulings made in those cases. Appellant received and held the money as the money of Hillyer, and in equity and good conscience could

not retain it from him. Hillyer, being the owner of the money and entitled to its possession as against appellant, had the undoubted right to assign the whole, or a part of it, to appellees. Upon the execution of the written assignment, appellees instead of Hillyer became entitled to the portion so assigned as against both Hillyer and appellant. This written assignment could not be and was not overthrown by Hillyer's oral objections to appellant paying to appellees the portion so assigned.

No question has been made in this court, nor was any made in the court below, upon the question of proper or necessary parties. Hence we are not called upon to indicate any opinion upon that question. It may be well to say, however, that as the case comes before us, it can not be urged that, by our ruling, we bring ourselves into conflict with a line of cases, holding that a party should not be subjected to several actions, by different assignees.

After a very careful examination of the record, the arguments of counsel, and all of the cases cited, with others, we are of the opinion that the judgment of the trial court should be affirmed. It is therefore affirmed, with costs.

Filed Dec. 18, 1883. Petition for a rehearing overruled June 19, 1884.

