Wallace v. Kirtley.

Filed Dec. 10, 1884.

---

No. 11,173.

## WALLACE v. KIRTLEY.

98 485,
139 592

98 485
165 655

SPECIAL FINDING.— *Exceptions.— Bill of Exceptions.*—Where, without request, a judge finds the facts specially, with his conclusions of law thereon, it stands merely as a general finding, and exceptions to the conclusions of law present no question, and if it be not signed by the judge it can be made part of the record only by bill of exceptions.

NEW TRIAL.—*Evidence.*—Where a motion for a new trial, founded upon the erroneous admission of evidence, does not designate such evidence so that it can be identified, no question is presented.

SUPREME COURT.—*Bill of Exceptions.—Evidence.*—Where the bill of exceptions shows that it does not contain all the evidence, the Supreme Court will not consider whether the evidence supports the finding.

From the Miami Circuit Court.

*A. C. Harris, J. L. Farrar, J. Farrar, W. C. Farrar, H. J. Shirk, J. Mitchell, F. J. Van Vorhis* and *W. W. Spencer,* for appellant.

*R. P. Effinger, C. M. Emerick* and *M. Winfield,* for appellee.

HAMMOND, J.—Complaint in four paragraphs by appellee

against appellant. Issues were joined and submitted to the court for trial. There was a finding and judgment for appellee. Appellant assigns as errors that the court below erred in its conclusions of law upon the facts specially found, and in overruling his motion for a new trial.

The clerk has copied into the transcript what purports to be the special finding of facts and conclusions of law thereon. But it does not appear that the special finding was requested by either party. It is not signed by the judge who tried the case, or set out in a bill of exceptions. The finding is, therefore, merely a general finding, and the exceptions to the conclusions of law present no question in this court. 1 Works Pr., sections 803–805, and authorities cited. A special finding of facts is not authorized, and if rendered is nothing more than a general finding, unless it is made at the request of one or both of the parties. The special finding and conclusions of law thereon become part of the record if signed by the judge without a bill of exceptions. But if not so signed a bill of exceptions is necessary to make them part of the record. *Button* v. *Ferguson*, 11 Ind. 314; *Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73.

The grounds for a new trial, as set out in appellant's motion, were as follows:

"1. That the damages found by the court are excessive.

"2. Error in the assessment of the amount of the recovery, the same being too large.

"3. That the finding of the court is not sustained by sufficient evidence.

"4. That the finding of the court is contrary to law.

"5. Error of law occurring at the time of the trial in admitting the evidence, hereafter set out, over the objection of the defendant, to which ruling of the court said defendant at the time excepted and still excepts."

The evidence referred to was not set out in the motion for a new trial, nor was any further reference made to it therein. Where the error relied upon is the admission or exclusion of

·evidence, the motion for a new trial must designate the particular evidence with such certainty as to sufficiently identify it, and to call the attention of the court and the adverse party thereto. 1 Works Pr., sections 869, 928. This rule was not observed in the appellant's motion for a new trial; hence the fifth ground presents no question.

It clearly appears from the face of the bill of exceptions that it does not contain all the evidence. In such case, questions which can only be determined by examining the evidence can not be considered. 2 Works Pr., section 1078. This rule forbids the consideration of questions sought to be presented by the first, second, third and fourth causes for a new trial.

The judgment will have to be affirmed. Affirmed, with costs.

Filed Sept. 24, 1884. Petition for a rehearing overruled Dec. 17, 1884.