PECK v. MARTIN.

Suit against a physician, for malpractice. The complaint averred that the defendant was a practicing physician, and, as such, was called on by the plaintiff to visit and treat his child; but contained no averment of any special consideration for the undertaking of the physician, nor any allegation of duty, on which he undertook, &c.

*Held*, that though no special consideration was alleged, the promise to pay a reasonable reward was implied, from the employment; and the duty, on the part of the physician, to exercise a reasonable degree of care and skill, resulted from the character in which he assumed to act.

*Held*, also, that the complaint was good, on motion in arrest, the defects, if any, being cured by the verdict; in support of which it will be presumed that the plaintiff, in employing the defendant, became bound by an implied promise, to pay him what his services were worth.

APPEAL from the *Daviess* Circuit Court.

WORDEN, J.—Action by *Martin*, against *Peck*. Answer, trial; verdict and judgment for the plaintiff, a motion in arrest being overruled.

The only question in the case, arises on the ruling upon the motion in arrest.

The complaint is as follows, viz., "*Andrew Martin*, plaintiff in this suit, complains of *Samuel N. Peck*, defendant, and says, that on, &c., the said defendant was a practicing physician and surgeon, at said county, and that, as such physician and surgeon, he was called upon by the plaintiff, to visit one *Mary Ann Martin*, of the age of ten years, the child, daughter and servant of the plaintiff, who was then sick; and the said defendant was then, and on divers days and times after said last mentioned day, and (before) the time of bringing this suit, requested by said plaintiff to administer the proper medicines, and treatment, for the cure of the said *Mary Ann*, the child, daughter and servant, of the plaintiff. And the said plaintiff says, that the said defendant, on the days and times aforesaid, undertook, as such physician and surgeon, to administer medicines to the said *Mary Ann*, child, &c., of the plaintiff.

And the plaintiff avers that the said defendant so negligently, unskillfully, and unprofessionally managed and treated

Nov. Term,
1861.

PECK
v.
MARTIN.

said child, that she became, by reason thereof, imbecile, speech-less, and wholly insane; and defendant did then and there so negligently, unskillfully and unprofessionally administer said medicines, and then and there also gave and administered such poisonous, noxious, and improper drugs to the said *Mary Ann*, that she was thrown into spasms, and thereby became demented, and lost all her mind and reason, and power of speech, and all her mental and physical powers have failed her. During all of which time the plaintiff lost, and has been deprived of, the service of his said daughter and servant, and of all the benefit and advantage which might, and would otherwise, have arisen and accrued to him from such service, as well as the comfort of her society, wherefore," &c.

The objection to the complaint is thus stated in the brief of counsel for the appellant: "This complaint is founded on *contract*; and even if it be considered as founded on tort, still, 'in an action on the case, founded on an express or implied *contract*, as against an attorney,' &c., the declaration must *correctly state the contract*, or the particular *duty* or *consideration*, from which the liability results, and on which it is founded.' 1 Chit. Pl. 384. In short, we hold that in this case, the declaration must state *a valid contract*, either by alleging the *duty*, or by stating the *consideration*, on which *Peck* undertook, &c. No such duty or consideration is stated in the complaint, and for this omission, we contend that it is materially defective. We believe no authority can be found to the contrary."

In *England*, "a physician, or a medical practitioner affecting to be a physician, has no remedy at law to recover a remuneration for his services. The reason is, that he is presumed to act with a view only to an honorary reward." Chit. on Cont. 573. In this country, however, it is different, for here he can recover for his services in the same manner as an attorney, or other person, performing services for another. An employment of him by a party, without express agreement as to compensation, raises an implied agreement on the part of the employer to pay what his services are reasonably worth. In the case at bar, although it is not

alleged that the defendant undertook to perform the services "for and in consideration of a certain reasonable reward, to be paid · him therefor by the plaintiff," yet this is implied from the employment.

Again, it is alleged that the defendant was a practicing physician and surgeon, and that as such he undertook the employment. The *duty* arising from such ·character and undertaking, to exercise a reasonable degree of care and skill, is as apparent as if it were stated in terms.

It may. well be doubted whether, under our system of pleading, the supposed defects would be fatal, on demurrer; but this point we do not decide, as the question does not arise in that manner. The complaint, we have no doubt, is good, on motion in arrest of judgment. The supposed defects are, undoubtedly, cured by verdict. Chit. Pl. 673. "The expression, *cured by verdict*," says Mr. *Chitty*, "signifies that the Court will, after a verdict, presume, or intend, that the particular thing which appears to be defectively or imperfectly stated, or omitted, in the pleading, was duly proved at the trial. And such intendment must arise, not merely from the verdict, but from the united effect of the verdict and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved, must always be such as can be implied *from allegations on the record, by fair and reasonable intendment.* And on the other hand, a verdict for the party in whose favor such intendment is made, is indispensably necessary, for it is in consequence of such verdict, and in order to support it, that the Court is induced to put a liberal construction upon the allegations in the record." *Id.* Can it not be implied from the allegations in the complaint, "by fair and reasonable intendment," that the plaintiff, in employing the defendant, became bound by an implied promise to pay him what · his services were worth? If so, this implied promise furnishes a sufficient consideration for the defendant's undertaking. A case put by Mr. *Chitty* to illustrate the doctrine is much in point. At page 677, he says: "In another case of an action of assumpsit, the declaration stated that the plaintiff had retained the defendant (who was not an

Nov. Term,
1861.

attorney) to lay out £700 in the purchase of an annuity, and that the defendant promised to lay it out securely; that the plaintiff delivered the money to the defendant accordingly, but the defendant laid it out on a bad and insufficient security. After verdict, it was objected, on a writ of error, that no *consideration* appeared in the declaration; that it was not averred that the promise was in consideration of the retainer, nor that the retainer was for a reward: but the Court held that it was absolutely necessary, under the declaration, that the plaintiff should have proved at the trial that he had actually delivered the money to the defendant, and that the latter had engaged to lay it out; that the delivery of the money for this purpose was a sufficient consideration to support the promise, and that although it was not expressly alleged in the declaration that the delivery of the money was in fact the consideration for the promise, the Court would intend, after verdict, that such was the consideration."

So here, it was necessary that the plaintiff should have proved on the trial that he employed the defendant to perform the services which the defendant undertook, and we will intend that the plaintiff's implied promise to pay him was the consideration of the defendant's undertaking.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*D. McDonald* and *C. M. Walker*, for the appellant.

*John Baker*, for the appellee.