Shimer *v.* Bronnenburg.

*S. C. Wilson,* for the appellant.

*Thomas & Ristine,* for the appellee.

---

SHIMER *v.* BRONNENBURG.

A complaint, bad on demurrer, may be good after verdict, for, after verdict, the Court will sustain the complaint by every legal intendment, if there is nothing material on record to prevent it.

Where a fact must necessarily have been proved at the trial, to justify the verdict, and the complaint omits to state it, the defect is cured by the verdict, if the general terms of the complaint are otherwise sufficient to comprehend the proof.

In actions for slander, where the plaintiff fails to produce on the trial the record of the Court of Conciliation, and recovers a judgment for damages against the defendant, neither the plaintiff nor defendant can recover costs, but each party must pay his own costs.

APPEAL from the *Madison* Circuit Court.

WORDEN, J.—Action by the appellee against the appellant for slander. Trial: verdict and judgment for the plaintiff. No objection was made to the complaint by demurrer or otherwise. Motion in arrest made and withdrawn.

After verdict, the defendant moved the Court "for a taxation of and judgment against the plaintiff for costs. *First,* Because the complaint does not state facts sufficient for a cause of action; and *Second,* Because the plaintiff did not produce the certified copy of the proceedings of the Court of Conciliation, as is required by the statute in such case made and provided."

With regard to the first ground of the motion, it may be doubtful whether a defect in the complaint can be reached in this way, but, on the supposition that it can, we regard the complaint as abundantly good after verdict. The charge against the plaintiff was subornation of perjury. The complaint sets out that there was a suit pending before a justice of peace, on the trial of which one *Peter Farnot* was a witness and testified to material matter; that the defendant in a conversation, &c., of and concerning the said trial, and of and concerning the plaintiff being guilty of subornation of perjury, uttered and published in the presence and hearing of sundry persons, the words, "*Pete Farnot* swore to a lie, and you (the plaintiff meaning) hired him." Meaning, &c. The objection made to the complaint is that there is no allegation that the conversation was of and concerning the testimony of *Farnot* on the trial. "After verdict the Court will support the declaration by every legal intendment, if there is nothing material on record to prevent it." Where a fact must necessarily have been proved at a trial to justify the verdict, and the declaration omits to state it, the defect is cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend the proof." · 2 Tidd's Prac., 4 Am. ed., p. 919, notes; *Peck* v. *Martin,* 17 Ind. 115. It may have been necessary to prove that the conversation was concerning the testimony of *Farnot* on the trial, but this is entirely consistent with the complaint, and the proof may well have·been admitted under the allegation that the conver-

sation was of and concerning the trial, and of and concerning the plaintiff being guilty of subornation of perjury.

The motion was properly overruled so far as the second ground is concerned. Supposing the plaintiff did not produce the proper certified copy of the record of the Court of Conciliation, that is no reason why judgment should be rendered against him for costs. The statute does not so provide. It simply provides that he shall not recover costs. In such case each party, instead of recovering costs, is left to pay his own. The Court was called upon to render a judgment unauthorized by the statute. *Willman* v. *Clouser*, 16 Ind. 318. These points embrace all the errors assigned.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Henry Craven*, for the appellant.

*Walter March*, for the appellee.