Smock *et al. v.* Harrison *et al.*

---

No. 7445.

## Smock et al. *v.* Harrison et al.

Appeal Bond.—*Approval by Clerk.*—*Consent of Plaintiffs by Attorney.*—*Mutual Waiver.*—*Superior Court.*—Where a superior court in special term fixed the penalty and time of filing of an appeal bond, leaving the approval of the surety to the clerk, and the bond, with the written consent of plaintiffs by attorney endorsed thereon, was approved by the clerk, the defendants, in a suit on the bond, can not dispute the authority of the attorney whose act they have ratified, but the parties must be held to have mutually waived any approval by the court and to have made the bond just as effective as if the statute had been conformed to with technical accuracy.

Pleading.—*Complaint.*—*Assignment of Error.*—*Intendments in Favor of Pleader.*—*Practice.*—Where a complaint has not been tested by demurrer, and its sufficiency was first brought in question by assignment of error in the general term of a superior court, it must be tested by the rule which is applied to motions in arrest of judgment, and, instead of indulging presumptions against the pleader, all reasonable intendments should be allowed in his favor.

Same.—*Defects Cured by Verdict.*—Where the *statement* of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor.

Smock *et al. v.* Harrison *et al.*

**SAME.**—*Conclusion of Law.—Bond.—Supersedeas.—Verdict.*—An averment in a complaint not tested by demurrer, "that said appeal bond operated as a supersedeas in said cause," though, strictly speaking, a mere statement of a legal conclusion, should be regarded as bringing in issue and admitting proof of such facts, if any, as would make the bond have that effect, and after verdict for the plaintiff it must be presumed that such proof was made, if it was legally possible to make it under proper averment.

**SUPERIOR COURT.**—*Conditions of Appeal Bond.—Waiver.—Measure of Recovery.*—Granting that the conditions of a bond in case of appeal from special to general term of the Superior court must be directed by the court, the parties may waive that requirement and themselves name the conditions as well as the sureties. and, within the penalty of the bond agreed upon, the amount due on the judgment appealed from is the measure of the recovery which may be had, and this without averment or proof that the judgment defendants have become insolvent.

**SAME.**—*Practice.—General Finding.—Later Special Finding not Available.*—A general finding remaining in the record will support the judgment of the court, notwithstanding a special finding and conclusions of law rendered ten days or more thereafter, which purported to be done at the request of appellants made at the commencement of the trial.

From the Marion Superior Court.

*D. V. Burns* and *C. S. Denny*, for appellants.
*J. T. Dye* and *A. C. Harris*, for appellees.

WOODS, J.—We are called on to review the errors assigned at the general term of the court below, which are stated substantially as follows :

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in its conclusions of law.

3. The court erred in overruling the appellants' motion for judgment on the special findings.

4. The court erred in overruling the motion for a new trial.

5. The court erred in overruling the motion in arrest of judgment.

6. The court erred in requiring the appellants to file an appeal bond in order to stay execution pending the appeal to the general term.

7. The court erred in overruling the appellants' motion to vacate said order for an appeal bond.

Smock *et al.* *v.* Harrison *et al.*

The complaint in this cause, filed on the 24th day of July, A. D. 1877, is as follows:

"Alfred Harrison and John C. S. Harrison, partners in business under the firm name of Alfred and John C. S. Harrison, complain of William C. Smock, Daniel M. Ransdell, Isaac Smock and Augustus Bruner, and say that heretofore, to wit, on the 17th day of June, 1876, the plaintiffs obtained judgment in the Superior Court of Marion county, on trial in special term, in cause No. 13,891, in said court, against the defendants William C. Smock and Daniel M. Ransdell, and George W. Parker and Samuel Hanway, in the sum of three thousand seven hundred and fifteen and 70-100 dollars ($3,715.70); that the defendants Smock and Ransdell appealed from said judgment in the special term, to the general term of said court, which appeal was granted on the condition that a bond in the penal sum of four thousand dollars ($4,000) be filed, to the approval of the clerk of said court, within six days, according to the statute in such case made and provided. That the bond herein sued upon (a copy of which is herewith filed and made a part hereof) was executed and filed in accordance with the order of said court, and was approved by the said clerk on July 11th, 1876; and that said appeal bond operated as a supersedeas in said cause; and that execution and other proceedings were stayed upon said judgment during the pendency of said appeal.

"Plaintiffs further say that, on said appeal to the general term of said court, the said judgment at special term was, on the 5th day of March, 1877, in all things affirmed.

"Plaintiffs say that, during the pendency of said appeal, the defendants to the said judgment became insolvent, and that they are unable to collect or enforce payment or satisfaction of their said judgment, and the same remains wholly unpaid.

"Wherefore they pray judgment in the sum of five thousand dollars ($5,000), and for all proper relief.

"W. S. BARKLEY, Attorney for Plaintiffs."

Smock *et al. v.* Harrison *et al.*

The following is a copy of the appeal bond:

"Know all men by these presents, that we, William C. Smock, Daniel M. Ransdell, Isaac Smock and Augustus Bruner, are held firmly bound unto Alfred Harrison and John C. S. Harrison, in the penal sum of four thousand dollars, for the payment whereof, well and truly to be made and done, we bind ourselves, our heirs, executors and administrators, jointly and severally, by these presents.

"Sealed with our seals and dated, this 6th day of July, A. D. 1876.

"Whereas, The said Alfred Harrison and John C. S. Harrison, lately, to wit, on the 17th day of June, 1876, at the special term of the Superior Court of the county of Marion, in the State of Indiana, recovered judgment against said William C. Smock, Daniel M. Ransdell, George W. Parker and Samuel Hanway for the sum of three thousand seven hundred and fifteen dollars and seventy cents, and costs; and whereas the said William C. Smock and Daniel M. Ransdell have appealed therefrom to the general term of the said Superior Court of Marion County: Now, therefore, the conditions of this obligation are to the effect following, to wit: That if the said appellants will duly prosecute their said appeal, and abide by and pay the judgment and costs, which may be rendered or affirmed against them, then this obligation is to be void, otherwise to remain in full force and effect.
WM. C. SMOCK, [Seal.]
"D. M. RANSDELL, [Seal.]
"ISAAC SMOCK, [Seal.]
"A. BRUNER, [Seal.]

"Taken and approved by Austin H. Brown, Clerk."

"Plaintiffs consent that the clerk may approve the within bond.

"W. S. BARKLEY, Attorney for Plaintiffs."

The counsel for the appellants "contend that the complaint shows on its face that the bond was executed without con-

sideration," "did not stay the execution, and that no action can be maintained thereon;" and cite *Ham* v. *Greve*, 41 Ind. 531.

The 26th section of the act establishing the court in which the judgment was rendered provides, that "such appeal shall stay proceedings upon the action of the special term in the cases, and in the manner that a stay of proceedings is allowed upon an appeal to the Supreme Court from the circuit court, and in none other." 2 R. S. 1876, p. 27. This appeal was taken in term time, and section 555 of the code provides that such an appeal "shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed," etc., "with such penalty and surety as the court shall approve," etc.

The complaint can not be said to be upon a strictly statutory bond. It shows a departure from the requirements of the statute, in so far as the bond was "to be filed to the approval of the clerk of the court." The penalty of the bond and the time for filing were properly fixed by the order granting the appeal, but the approval of the surety was left to the clerk. And, for this reason, it is contended, on the facts averred in the complaint, that the bond was not lawful and operative to stay proceedings.

It is averred in the complaint, that the bond did operate as a supersedeas, but it is said this is not an averment of fact, but of a legal conclusion, which, on the facts alleged, is not a true conclusion.

It is to be observed that the complaint was not tested by demurrer. Issues of fact were formed and a trial had, resulting in a verdict and judgment for the plaintiff; and the sufficiency of the complaint was first brought in question on the appeal to the general term, by the assignment of error hereinbefore stated. In such cases, we think the complaint must be tested by the rule which is applied to motions in arrest of judgment, and, instead of indulging presumptions

against the pleader, all reasonable intendments should be allowed in his favor, on the ground, as stated in *Alford* v. *Baker*, 53 Ind. 279, that "Where the *statement* of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor." *The Indianapolis, etc., R. R. Co.* v. *McCaffery*, 72 Ind. 294, and cases cited. Applying this rule, the averment that the bond did operate as a *supersedeas*, though strictly speaking a mere statement of a legal conclusion, should be regarded as bringing in issue and admitting proof of such facts, if any there were, as could make the bond have that effect; and, after a verdict for the plaintiff, it must be presumed that such proof was made, if it was legally possible to make it, under proper averment. Was such proof possible in this case? In *Jones* v. *Droneberger*, 23 Ind. 74, it was held that "The bond was for the individual benefit of the appellee; and the provisions in the statute requiring the court to approve it in term time, and the clerk in vacation, were inserted for the purpose of securing a good bond for the appellee," that the parties may waive the approval of the court or clerk, in any given case, where their own individual interests alone are at stake, and, if they do mutually agree upon a bond, the bond so given is valid. See, also, *Railsback* v. *Greve*, 58 Ind. 72.

It is not clear that we would not be warranted, after verdict, in holding that this complaint shows sufficiently and affirmatively a waiver of any approval of the bond by the court. With the copy of the bond, which is made a part of the complaint, is set out a copy of the following indorsement on the bond, viz.: " Plaintiffs consent that the clerk may approve the within bond. W. S. Barkley, Attorney for plaintiffs." Without this consent, that is to say, without the consent of the plaintiffs, the bond was not a lawful bond, and could not operate to fulfil its purpose. It was proper

to indorse the consent on the bond itself, and, when so indorsed and filed, it possessed, as to the objections made to it, every legal requisite to give it efficiency.   The indorsement is not dated, but was manifestly made before or near the time of filing with the clerk for approval.

It is not for the appellants to dispute the authority of the attorney who signed the indorsement for the plaintiffs, and whose act is clearly ratified.

" The waiver must be mutual," say counsel; but this was clearly so.   The appellants prepared their appeal bond, and, either directly or through the clerk, presented it to the plaintiffs or their attorney, who consented to it.   One party asked, and the other gave, concent to the acceptance of the bond.   This made a mutual waiver, and supplied the only fact suggested by counsel, in this connection, as essential to a strictly statutory bond, and made the bond just as effective as if the statute had been conformed to with technical accuracy.   It is true that the complaint does not directly aver this waiver, nor refer to this indorsement; and it may be that on demurrer the indorsement would not be regarded as so far a part of the bond as to become a part of a complaint thereon, when filed as an exhibit only, but after verdict in favor of the plaintiff it might, if necessary, be deemed to be a part of the complaint, attacked for the first time in an appellate court.   But whether this indorsement may be regarded as a part of the complaint or not, it was put in evidence, and as such, connected with other circumstances in proof, was enough to warrant a finding by the court, that the parties did waive an approval of the bond by the court; and this proof, as before stated, was admissible under the averment that the bond did operate as a *supersedeas.*

This reference to the testimony is, of course, unnecessary to the support of the complaint, but it shows that no wrong is done by applying the rule that the defective averment may be cured by the verdict.

What we have said already disposes of the motion in arrest of judgment, and also of the motion for a new trial, except as to the claim that the damages assessed are excessive.

Counsel contend that so much of section 555 of the code, as provides that the appeal bond shall be conditioned for the payment of the judgment and costs which may be rendered or affirmed against him, was not adopted by the act establishing the Superior Court; but that the conditions of the bond, in case of an appeal from special to general term, must be directed by the court; and that no conditions having been prescribed, either by statute or by the court, the plaintiffs were not entitled to recover more than nominal damages, without proof that, during the appeal, the judgment defendants became insolvent.

It may be granted that the conditions of the bond should have been prescribed by the court, but it was competent for the parties to waive that and themselves name the conditions, as well as the sureties, and no reason is shown why the appellants should not be held liable according to the conditions of their contract, as they made it and procured the plaintiffs to accept or consent to it. Their undertaking was that the principals in the bond would duly prosecute their appeal, and abide by and pay the judgment which should be rendered or affirmed against them, and, within the penalty of the bond, the amount due on that judgment was the measure of the recovery which could be had on the bond; and this could be had without averment or proof that the judgment defendants were or had become insolvent.

The points made with reference to the conclusions of law, and the motion of the appellants for judgment on the special finding of facts, are much the same as have been considered under the objections made to the complaint, and for that reason we need not make any special reference thereto. It may be observed, however, that the court made a general finding for the plaintiffs, and assessed their damages in the

---

Smock *et al. v.* Harrison *et al.*

---

sum for which the judgment was finally rendered, and ten days or more thereafter the court rendered a special finding and conclusions of law, which purported to be done in accordance with the request of the appellants, made at the commencement of the trial. The general finding remains in the record. No objection was made to its rendition, and no effort made to expunge or exclude it from the record. The appellants must therefore be deemed to have waived objection to the general finding. It is not apparent how the appellants could avail themselves of any remedy upon the special finding, on exception to the court's conclusions of law; because, in any event, the general finding would remain to support the judgment of the court.

The sixth and seventh assignments present no questions which affect the rights of the parties on this appeal, and we do not deem it necessary to make any decision in reference thereto. Had the appellants been unable, or deemed it worth while to refuse, to give the bond required by the court, on the showing made, questions might have arisen which would merit our attention, but now that the bond appears to have been given, it is not probable that any decision of this court as to the sufficiency of the showing on which the court required the giving thereof could affect the rights or liability of the parties thereto.

Judgment affirmed, with costs.

Opinion filed at the November term, 1880.
Petition for a rehearing overruled at the May term, 1881.