The Evansville and Terre Haute Railroad Company v. Willis.

---

80  225<br>165  277

No. 9347.

THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY
*v.* WILLIS.

PLEADING.—*Arrest of Judgment.—Practice.*—If a complaint shows the necessary facts inferentially, though not by direct averment, it is sufficient, on motion in arrest of judgment, made on the ground of failure to contain sufficient facts to constitute a cause of action.

From the Sullivan Circuit Court.

*J. T. Gunn,* for appellant.

*G. W. Buff* and *J. B. Patten,* for appellee.

FRANKLIN, C.—The only error assigned in this cause is the overruling of a motion in arrest of judgment.

The material part of the complaint objected to, for the

.alleged reason that it does not state facts sufficient to constitute a good cause of action, is as follows:

" That on the night of the said 13th of September, 1880,. the defendant was then and there running locomotive cars and carriages over and on said railroad in said county and State,. and at a place in said county, and at a point on said railroad where the said locomotive cars and carriages ran against and over said mule, thereby wounding and killing the same; the said railroad was not securely fenced in, and a fence maintained by said railroad company, or by any other person at the instance and request of said company."

The objection taken to this complaint is, that it does not directly aver that appellant with its cars ran over and killed the mule; that the fact is only stated inferentially by way of recital, and not by positive allegation.

Conceding, without deciding, that the averment may be a. little uncertain and defective, appellant waived the objection by going to trial without having it perfected, and that a general verdict for appellee cured all such defects.

In the case of *Shimer* v. *Bronnenburg*, 18 Ind. 363, the court used the following language: " 'After verdict the court will support the declaration by every legal intendment, if there is nothing material on record to prevent it. Where a fact must necessarily have been proved at a trial to justify the verdict, and the declaration omits to state it, the defect is. cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend the proof.' 2 Tidd's. Prac., 4 Am. ed., p. 919, notes; *Peck* v. *Martin,* 17 Ind. 115."

In the case of *The Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261, the complaint alleged "that the railroad aforesaid was. not securely fenced in, and the fence properly maintained." In reference to which FRAZER, J., says: " This language may mean that the railroad was not securely fenced anywhere, and therefore imply necessarily that it was not so fenced where the animals entered. Such liberality of construction must be indulged after verdict. 1 Chitty's Pl. 673, *et seq.* There could

not have been a verdict for the plaintiff upon this paragraph without proof of the fact thus implied; and as no objection appears to have been made to evidence, and the evidence is not in the record, it is, we think, fair to assume in support of the judgment, that this proof was made without objection. The code has little toleration for the practice of concealing questions from the lower courts with a view to make them available upon vexatious appeals; and it is therefore necessary to the harmony of our practice, as a whole, as well as to the fair administration of justice, that the most liberal form of the common law doctrine of intendment after verdict shall be fully maintained."

In the case at bar, the evidence is not in the record. The presumption is that the proof sustained the verdict. And we think, under the general allegations of the complaint, sufficient proof was allowable. And, in accordance with the foregoing authorities in favor of a liberal intendment after verdict, we think the defect complained of was cured by the verdict. See *Bales* v. *Scott*, 26 Ind. 202; *Westfall* v. *Stark*, 24 Ind. 377; *Alford* v. *Baker*, 53 Ind. 279, p. 283; *Taylor* v. *Short*, 40 Ind. 506.

The court did not err in overruling the motion in arrest of judgment.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.