No. 8413.

## JENKINS ET AL. *v.* RICE ET AL.

PRACTICE.—*Demurrer to Answer, when Carried Back to Complaint.— Waiver.*—A demurrer to a paragraph of answer puts in issue the sufficiency of the complaint only in respect to such paragraph of answer, and the question so raised is waived unless discussed.

PLEADING.—*Complaint Cured by Verdict.*—A complaint which shows a cause of action, though defectively stated, unless tested by demurrer, will be upheld after verdict.

TAXES.—*Foreclosure of Tax Lien under Complaint to Quiet Title or to Recover Possession.*—In an action to quiet title or to recover possession, the purchaser of the land at an invalid tax sale may foreclose the lien given by the statute.

SAME.—*Invalid Tax Sale.—Complaint by Purchaser Against Several Defendants Having Several Interests.*—In a complaint by the purchaser at an invalid tax sale to foreclose his lien, it is not necessary to show whether the defendants held as tenants in common or as joint tenants, nor what was the interest of each in the land.

SAME.—*Tax Sale of Lands of Tenants in Common when Separate Interests not Designated.—Apportionment of Liability on Foreclosure of Tax Lien.*—Lands of tenants in common, who have not caused the proper transfers to be made, may be assessed and entered upon the tax duplicates without a designation of the respective interests of the owners; and the purchaser at tax sale of such land may foreclose his lien against all the owners jointly, and if an apportionment of liability may be had, it must be upon a showing, by the defendants, of the necessary facts.

PRACTICE.—*Form of Judgment.*—In order to save any question as to the form or substance of a judgment, partly valid, special objection must be made and the exception saved.

From the Ripley Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.
*W. D. Willson* and *C. H. Willson,* for appellees.

WOODS, J.—Appeal from a judgment sustaining a demurrer to a complaint for review. The errors assigned upon the record of the judgment sought to be reviewed are:

1st. That the complaint does not state facts sufficient, etc.

2d. That the court erred in the conclusions of law upon the facts found by the court.

The original action was to quiet the title to real estate under a tax title, or, in case the tax sale was found to have been irregular, to enforce the lien allowed by the statute. The complaint is against a number of defendants, and charges that they were the owners of the lands described, against which taxes were assessed, by virtue of which the sale was made. The appellants filed an answer to the fifth paragraph, to which the court sustained a demurrer for want of facts; and it is now suggested that this ruling brings in question the sufficiency of the complaint. But this is so only so far

as the sufficiency of that paragraph of answer is concerned,. a question which is not discussed in the briefs and is there-. fore waived. It is not alleged in the complaint for review that the court erred in not carrying the demurrer to the answer back to the complaint; the sufficiency of the complaint upon demurrer is therefore not in issue; and if it states a cause of action, though defectively, it will, after verdict, be upheld. *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110.

The objection is made to the complaint that it does not show "whether the land was owned by the defendants as tenants in common, or as joint tenants; nor what was the interest of each;" and, assuming that the defendants must be regarded as equal owners as tenants in common, counsel insist that the undivided share of each was liable only for its own proportion of the tax, and no more; that, under the assessment law, each person's land must be separately taxed; and that, to make the complaint good, it should be shown that defendants received title by descent, devise or by deed from one possessed of the entire title, and that the delinquent taxes of 1873 and prior years, for which the sale was made, originated from one common source against the entire tract.

The complaint, however, contains the averment that the land "had been duly assessed and properly charged in the tax duplicate in the name of Jenkins' heirs, with taxes for the year 1873 and former years, amounting," etc.

This may be a statement of legal conclusions only, but after verdict such statement has been deemed sufficient. *Smock* v. *Harrison,* 74 Ind. 348. The forty-fourth section of the assessment law of 1872, corresponding, except as to the provision for a lien, with the 6321st section of the Revision of 1881, provides as follows: "The undivided real estate of any deceased person may be listed to the heirs or devisees of such person, without designating any of the heirs or devisees by name,. until they shall have given notice to the auditor    *    *    * of the division of the same, and the names of the several

heirs or devisees and the proportions allotted to each, and each heir or devisee shall be liable for the whole of such tax, and shall have a right to recover of the other heirs or devisees their respective proportions thereof when paid by him," and interest thereon; to which is added, in the Revision of 1881, " and the lien for the proportion of taxes paid on the different shares of the land shall vest in the person who pays the taxes."

While there seems to be and to have been no specific provision, to the same effect, in reference to lands held by tenants in common, whose title was derived otherwise than by descent or devise, where the proper transfers of record had not been made, yet there is a practical necessity for the application substantially of the same rule; and the various provisions of the tax law, considered together, show that such was the legislative intention. See sections 53, 54, 109, 110, 117, 126, 148, 152, 154, 177–181, 191, 219, 227–9, and particularly sections 199–203; R. S. 1881, secs. 6322–3, 6377–8, 6385, 6394, 6417, 6421–3, 6446–50, 6460, 6468–72, 6488, 6496–8.

This case arose and was tried under the law of 1872, but the changes made by the revision do not affect the present discussion, and need not be noted.

Consistently with all these provisions, in cases where the proper transfers have not been made, it would be impracticable to administer the law and to enforce the payment of taxes upon the rule contended for by counsel; and even if the proper transfers have been made, and yet, through the neglect or mistake of the officers, parcels of property are assessed and taxed in the wrong name, as entireties, in disregard of the separate rights of tenants in common, or of the respective owners, of whatever character of interest or ownership, the rights of the public are not diminished; and the purchaser, if the tax sale be invalid, is subrogated to the lien of the State, which he may enforce by obtaining a decree of foreclosure. Secs. 219, 227–9, 6488, 6496–8, *supra;* Acts 1872, secs. 256–7.

In the proceeding to foreclose in such case, the most which

would seem permissible to the defendants would be to show by answer their separate respective interests, and so procure an apportionment of the liability. In the absence of proper transfers, the State, by its officers, is not bound or able to know the rights of such owners. *Noble* v. *City of Indianapolis,* 16 Ind. 506. And the purchaser at the sale, seeking to enforce a lien only, and not claiming a valid title under his purchase, can reasonably be required to do no more than recognize such rights, when pleaded and proved by those who assert them. The lien of the State, and consequently the purchaser's subrogation, do not depend upon the assessment being made in the name of the owner.

The other objections to the complaint are answered by *Ward* v. *Montgomery,* 57 Ind. 276 ; *Flinn* v. *Parsons,* 60 Ind. 573 ; *Duke* v. *Brown,* 65 Ind. 25 ; *Cooper* v. *Jackson,* 71 Ind. 244 ; *Lawson* v. *Hilgenberg,* 77 Ind. 221 ; *Brown* v. *Fodder,* 81 Ind. 491, which all recognize the practice of foreclosing the lien in an action upon a complaint to quiet title or for the recovery of possession, if the sale prove invalid. It is not clear, however, but that the complaint is good as a complaint for foreclosure of the lien. It is not necessary, in such complaint, to show a sale regularly made. The right to foreclose a lien depends on the sale being irregular and invalid ; and enough is averred to show that the invalidity in this instance was not on account of any of the causes enumerated in the 254th section of the law as it stood in 1872, or section 6487 ; in which cases it is provided that the money paid by the purchaser shall be refunded.

What we have already said answers the objections made to the conclusions of law stated upon the facts found by the court.

It was ordered in the decree that the sale be made without relief from valuation or appraisement laws ; but the record does not present the question whether that was error or not. The appellant saved only a general exception to the decree, pointing out no specific objection, and made no motion for a

modification. The cases are too numerous for citation, which hold that when any judgment against the party excepting would have been proper such an exception presents no question as to the form or substance of the judgment.

Judgment affirmed, with costs.

Petition for a rehearing overruled.