No. 8837.

## JONES v. WHITE.

ATTORNEY AND CLIENT.—*Liability of Attorney for Want of Skill or Care.*— An attorney whose ignorance or carelessness results in loss to his client is liable in damages to the client.

SAME.—*Complaint.—Negligence.*—A complaint against an attorney to recover damages for loss shown to have resulted from the ignorance and negligence of the attorney need not show that the plaintiff was without fault.

PLEADING.—*Defects Cured After Verdict.*—A complaint which states a good cause of action generally, though defectively, is good after verdict.

SAME.—*Negligence.*—A complaint for damages on account of negligence, averring it in general terms without stating the specific facts constituting it, is good on demurrer.

From the Ripley Circuit Court.

*G. Durbin, S. M. Jones, E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.

ELLIOTT, J.—The complaint of the appellee charges that she employed the appellant to conduct, as her attorney, an action of replevin; that he undertook to do so, but so negligently and ignorantly conducted the proceedings that the action was dismissed on appeal to the circuit court, for the reason that the appellant had negligently and unskilfully drawn the bond required of the plaintiff in such cases.

An attorney who undertakes to prosecute an action for a client must possess and exercise skill and care, and if he undertakes, without possessing such skill, or fails to use it, he is

liable for all loss resulting to his client. One who does not possess sufficient skill to properly prepare an undertaking required by a plain statute, must respond in damages to a client who suffers from his ignorance. On the other hand, if the attorney possesses the knowledge and negligently fails to use it, he must answer for his carelessness.

The complaint was not assailed either by demurrer or motion in the court below, but is here attacked for the first time by the assignment of errors. It is a familiar rule that many defects which a demurrer would reach are cured by a verdict. Where there are general averments covering the ground upon which the cause of action is based, but a failure to make proper averments of specific facts, the general rule is that these facts will, after verdict, be supplied by intendment. *Jenkins* v. *Rice*, 84 Ind. 342; *Newman* v. *Perrill*, 73 Ind. 153.

In the present case, the general averment that the bond was ignorantly and carelessly prepared is sufficient after verdict; for, under the settled rule of pleading, we must infer that the evidence properly showed the specific defect in the bond. *Newman* v. *Perrill, supra,* authorities cited. The case falls within the rule stated by the court in *Shimer* v. *Bronnenburg,* 18 Ind. 363, where it was said: "After verdict the court will support the declaration by every legal intendment, if there is nothing material on record to prevent it. Where a fact must necessarily have been proved at a trial to justify the verdict, and the declaration omits to state it, the defect is cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend the proof."

There are facts stated from which the ownership of the property sought to be recovered in the replevin action may be indirectly inferred, and this is sufficient to make the complaint good against an attack made after verdict. *Peck* v. *Martin,* 17 Ind. 115; *Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261; *Smock* v. *Harrison,* 74 Ind. 348.

It has long been the rule in this State, that a complaint is not bad on demurrer, which avers negligence in general terms

without stating the specific facts constituting the negligence. Where negligence is averred in general terms and the defend-ant desires a more specific statement, his remedy is by motion and not by demurrer. *Indianapolis, etc., R. R. Co.* v. *Keeley*, 23 Ind. 133; *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426; *Indianapolis, etc., R. R. Co.* v. *Hamilton*, 44 Ind. 76; *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297.

The complaint shows that the adverse decision in the re-plevin case was because of the insufficiency of the bond, and that the dismissal of the action compelled the appellee to pay a large amount of costs, and for this amount the complaint was certainly good, and, if good to this extent, will repel the attack here made, for it is well settled that a complaint which entitles the plaintiff to some relief, although not to all claimed, will be upheld.

Where a client sues an attorney for negligently conducting legal proceedings, or for undertaking to conduct them with-out possessing proper skill, and shows in his complaint, that the proceedings resulted adversely to him because of the at-torney's ignorance and carelessness, it is not necessary to al-lege that the plaintiff was without fault. In averring the wrongful act of the attorney, and that the loss resulted from it, the plaintiff sufficiently shows that his own act did not contribute to the injury. We do not mean to hold that the general rule applicable to ordinary cases of negligence gov-erns cases of this class, but, leaving that question undecided, we hold that where the complaint shows the proximate cause of the loss to be the attorney's want of skill or neglect to exercise it, the formal allegation that the plaintiff was with-out fault is not essential.

We do not think any error was committed in striking out the second paragraph of the answer, for the reason that the matters pleaded were clearly admissible under the general denial contained in the first paragraph of the answer.

Judgment affirmed.