Filed Nov. 19, 1884.

———————

No. 11,636.

JACKSON ET AL. *v.* WEAVER, ADMINISTRATOR.

| 98 | 307 |
|-----|-----|
| 135 | 48 |
| 98 | 307 |
| 165 | 277 |

DECEDENTS' ESTATES.—*Petition to Sell Lands.—Pleading Good after Verdict.*— An administrator's petition to sell lands, which shows a claim allowed against the estate, not specifying whether the debt was incurred as surety or principal, is sufficient in that respect after verdict.

SAME.—*Averment of Title.*—Such petition need only state the intestate's title generally, as that he died seized in fee simple.

SAME.—*Parties.—Averment of Claims or Liens.*—After verdict no question as to the parties defendants can be first made in such a case; so, also, an averment that the administrator knows of no liens or claims except such as are stated.

SAME.—*Evidence of Title.*—Where the question of title is in issue upon the trial of such a petition, proof of the intestate's title is necessary.

From the Ohio Circuit Court.

*J. B. Coles,* for appellants.

*A. C. Downey* and *J. S. Jelley,* for appellee.

ELLIOTT, C. J.—The appellee, as the administrator of Charles M. Jackson, deceased, instituted this proceeding to obtain an order to sell the real estate of the decedent for the payment of debts. The petition was not assailed in the lower court, but is here attacked in the assignment of errors.

Many defects available on demurrer are cured by a verdict or finding, and after verdict a complaint or petition will be sustained if there are general statements from which specific facts essential to a cause of action can be inferred by reasonable intendment. *Jones* v. *White,* 90 Ind. 255 ; *Puett* v. *Beard,* 86 Ind. 172 (44 Am. R. 280) ; *Jenkins* v. *Rice,* 84 Ind. 342 ; *Smock* v. *Harrison,* 74 Ind. 348 ; *Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261 ; *Shimer* v. *Bronnenburg,* 18 Ind. 363 ; *Peck* v. *Martin,* 17 Ind. 115. The petition alleges that a claim had been allowed against the decedent's estate for $138.90, but does not show whether it was allowed against the estate upon a debt incurred by the decedent as a principal debtor or as surety. It is claimed by the appellants that because of this omission the pleading is bad. We are strongly inclined to think the point would not be well taken even upon demurrer, and have no doubt that it is not available upon such an attack as that now made.

It is useless to spend any time in considering the question of parties, for the question can not be presented in the manner here attempted. Such a question can not be presented by a specification in the assignment of errors, but must be presented by demurrer.

It was not necessary to set out the title of the decedent any more specifically than was done in the averment that he was the owner in fee simple of one undivided third of the land.

The petition avers that the administrator knows of no other liens or claims than the one described, and this is suffi-cient.to withstand such an attack as that now made. The in-

tendment, after finding and judgment, must be that there were no liens of which the administrator could have knowledge.

The petition shows that a claim was allowed in favor of the creditor, and this allowance is in the nature of a judgment and establishes a *prima facie* right in the administrator to resort to the real estate for payment, in the absence of personal property. The allowance of a claim is conclusive as to the personal property, but only creates a *prima facie* right as against the real estate. As against the heirs the allowance made only a *prima facie* case. *Cole* v. *Lafontaine*, 84 Ind. 446; *Riser* v. *Snoddy*, 7 Ind. 442; *Jennings* v. *Kee*, 5 Ind. 257. But a *prima facie* case is all that the petitioner was required to make; if there were matters which would defeat it, they should have been pleaded by answer.

There is no evidence from which it can be inferred that the decedent was the owner of the real estate sought to be sold. We have searched the record with scrupulous care, but find no evidence upon the point. The finding of the court is, therefore, wholly unsupported upon a material point, and an error was committed in overruling the motion for a new trial.

Judgment reversed.

Filed Nov. 18, 1884.