Carr v. The State, for Use of Cottingham, Drainage Commissioner.

No. 12,289.

CARR v. THE STATE, FOR USE OF COTTINGHAM, DRAINAGE
COMMISSIONER.

DRAINAGE.—*Notice.*—Where notice of an intention to file a petition for
drainage is of the character prescribed by the statute, it is sufficient.

SAME.—*Need not be Formally Approved by Court.*—Where the court acts upon
the notice, no formal order approving it is necessary.

SAME.—*Sufficiency of.*—Ordinarily it is sufficient to serve notice on the per-
son who is described in the petition and is named on the tax duplicate
as the owner.

SAME.—*Docketing.— Waiver.—Practice.*—A failure to note on the petition
the day for docketing the same is a mere irregularity, and if not objected
to within three days after it is docketed the objection is waived.

From the Hamilton Circuit Court.

*W. Booth* and *D. Moss,* for appellant.

*G. Shirts* and *W. R. Fertig,* for appellee.

ELLIOTT, J.—This action was brought by the appellee to
enforce an assessment for the construction of a ditch, levied
under the act of April 8th, 1881.

The first objection to the validity of the assessment is that
the notice of the filing of the petition was not sufficient.

The special finding states that proof of notice was made by
affidavit showing that notices were posted. It was sufficient
to give notice by posting as the statute provides. *Meranda*
v. *Spurlin,* 100 Ind. 380. It is competent for the Legisla-
ture to provide what kind of notice shall be given, and where
the notice is of the character prescribed by statute, it is suffi-
cient. *Hobbs* v. *Board, etc., post,* p. 575, and authorities cited.

Where the court acts upon a notice, it is not necessary to
make a formal entry declaring it to be such as the law re-
quires. The action of the court is sufficient without any
formal order approving the notice. *Platter* v. *Board, etc., ante,*
p. 360, and authorities cited; *Cauldwell* v. *Curry,* 93 Ind.
363; *Board, etc.,* v. *Hall,* 70 Ind. 469.

A failure to note on the petition the day for docketing the

Carr *v.* The State, for Use of Cottingham, Drainage Commissioner.

same is a mere irregularity, and if not objected to within three days after the petition is docketed, the objection is deemed waived. *Smith* v. *Smith*, 97 Ind. 273.

The land was described in the petition, and the name of the owner was thus given: "The estate of Thomas Carr and Clarka Carr, of which Joseph Booth is executor."

It has often been held by this court, and by other courts, that such a naming of the owner is sufficient in cases of assessment for taxes, and we see no reason why the same rule should not apply here. *Noble* v. *City of Indianapolis*, 16 Ind. 506; *Sloan* v. *Sewell*, 81 Ind. 180; *Jenkins* v. *Rice*, 84 Ind. 342; *Wheeler* v. *Anthony*, 10 Wend. 346; *State* v. *Collector, etc.*, 4 Zabriskie, N. J. 108. We affirm this because the amendatory act of 1883 provides that "Such petition shall be sufficient to give the courts jurisdiction over the lands described therein, and power to fix a lien thereon if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer." Acts 1883, p. 174. There is a difference between the name of the owner of the land as given on the tax duplicate and as given in the petition, but it is not of such a material character as to avoid the proceedings. We think it sufficient to serve the notice of the assessment on the person who is described in the petition and is named on the tax duplicate as the owner. This is the principle declared in *Jenkins* v. *Rice, supra,* and it is a sound one. If it appeared that the appellant had been misled or injured by the failure to serve notice on her, or if it appeared that she was known to be the owner, it may be that the courts would grant her relief, but where no such facts appear, the service of the notice on the persons named in the petition is sufficient. Here it appears that the appellant had an opportunity to defend. Naming her in the petition would have secured her no greater rights, and therefore no injury was done her.

Judgment affirmed.

Filed Nov. 20, 1885.