Filed March 27, 1889.

---

No. 13,712.

## HYNEMAN v. ROBERTS.

REAL ESTATE.—*Parol Contract of Purchase.—Possession.—Quieting Title.— Complaint.—Motion in Arrest.*—A complaint to establish and quiet title alleged a parol contract of purchase and the payment of part of the consideration, and that the plaintiff "immediately upon said purchase entered into possession of said real estate and has since kept in possession."

*Held*, that the complaint is sufficient, as against a motion in arrest of judgment, to show that possession was taken under and by virtue of the contract.

From the Gibson Circuit Court.

*C. A. Buskirk*, for appellant.

*W. M. Land* and *J. B. Gamble*, for appellee.

OLDS, J.—This is an action to quiet title. The complaint is in one paragraph, and, omitting the caption, is as follows:

"William A. Roberts, plaintiff, complains of Aaron Hyneman, defendant, and says that heretofore, in September, 1883, said plaintiff purchased of said defendant the following real estate in said county and State, to wit, lots 103 and 104 of the eastern enlargement of the town of Hazelton, and paid said defendant therefor all the purchase-money except one hundred and fifty dollars, but took therefor no conveyance or other writing from said defendant, and immediately upon said purchase entered into possession of said real estate, and has ever since kept actual and open possession, claiming to own the same; and plaintiff says that the said defendant, at divers times within the year last past, has denied, and still denies, the said sale, and asserts to the public that said plaintiff is not the owner and has not purchased said real estate, but that said defendant is the owner, and thereby places a cloud upon the plaintiff's title, and puts the same in dispute; and plaintiff says that said sum of one hundred and fifty dollars of the purchase-money as aforesaid is still due from plaintiff to defendant. Plaintiff therefore prays that he have judgment that he is the owner of said real estate, subject to the lien for the unpaid purchase-money, and that his title thereto be in all things quieted, and for all proper relief."

There was an answer of general denial filed, and trial and judgment for appellee, the plaintiff below.

There was a motion by appellant in arrest of judgment, which was overruled, and appellant reserved an exception to the ruling, which ruling is assigned as error.

The only objection pointed out to the complaint in support of the motion in arrest is, that the complaint does not allege specifically that the plaintiff entered into possession of the real estate under and by virtue of the contract. The complaint alleges the contract, and that immediately thereafter plaintiff entered into possession, but it does not allege by what authority. It may be fairly inferred after verdict

or finding and judgment, that the plaintiff entered into possession under and by virtue of the contract. The complaint alleges a contract of purchase and the payment of all the purchase-money except one hundred and fifty dollars, and that the purchaser immediately took possession of the real estate. It is fair to presume from these facts that the purchaser entered under the contract, and that it was so proven and the court so found. *Clegg* v. *Waterbury,* 88 Ind. 21 ; *Eberhart* v. *Reister,* 96 Ind. 478.

In the last case cited the court says : " Many defects which a demurrer would reach are cured by a verdict." *Jenkins* v. *Rice,* 84 Ind. 342 ; *Martin* v. *Holland,* 87 Ind. 105 ; *Puett* v. *Beard,* 86 Ind. 104 ; *Jones* v. *White,* 90 Ind. 255.

The court did not err in overruling the motion in arrest of judgment.

Judgment affirmed, with costs.

Filed March 28, 1889.