No. 16,466.

## FULLER *v.* COX.

FEES AND SALARIES.—*Statute Construed.—Act of February 28, 1883.*— The act of February 28, 1883, relating to fees and salaries of officers, supplemental to the act approved March 31, 1879, is constitutional and valid as to clerks of circuit courts.

PLEADING.—*Complaint, Sufficiency of.—Fees, Recovery of.—Exhibit, When Proper.*—Where an action is brought to recover money paid on a judgment, a transcript of the judgment is not necessary or proper as an exhibit with the complaint, for the payment of the money is the foundation of the action, and such exhibit, if made, can not be looked to to supply any defect in the complaint.

COSTS.—*Recovery of Illegal Fees.—Special Statute.—Recovery Less than $50.*—In an action for the recovery of illegal fees, the defendant is not entitled to judgment for costs because the amount of recovery in the circuit court was less than fifty dollars; for the suit is not one growing out of contract, but one authorized by special statute.

From the Monroe Circuit Court.

*H. C. Duncan* and *I. C. Batman*, for appellant.

*E. Corr*, for appellee.

HOWARD, J.—This action was brought by the appellee to recover certain alleged illegal fees taxed and collected by appellant as clerk of the Monroe Circuit Court.

There was a trial by the court, and a finding and judgment in favor of the appellee.

The principal question discussed by counsel relates to the sufficiency of the complaint.

The action was brought under the provisions of "An act supplemental to an act entitled 'An act fixing certain fees to be taxed in the offices, and the salaries of officers therein named, etc.,' approved March 31, 1879, and to all acts amendatory thereof," approved February 28, 1883. Elliott's Supp., p. 630.

It is argued by appellant that this act is unconstitutional in so far as it is attempted to apply its provisions

to clerks of the circuit courts, for the reason that the act of March 31, 1879, to which this act is supplemental, was itself, by the fee and salary act of April 16, 1881, amended as to section 16, which fixes the fees of clerks of the circuit courts; and, consequently, that, so far as concerns such clerks, the act of 1879 no longer exists, and the act of 1883, purporting to be supplemental to an act which has ceased to exist, is void.

This reasoning is clearly fallacious. Sections 16, 20 and 26 of the act of 1879 were amended by the act of 1881, and the amended sections took the place of the originals. In addition, the act of 1883 purports to be supplemental not only to the act of 1879, but "to all acts amendatory thereof," which plainly includes the act of 1881.

Appellant contends, further, that the complaint is fatally defective, inasmuch as it does not aver facts sufficient to constitute a cause of action, without resorting to the exhibits or bills of particulars filed in aid thereof. The so-called exhibits filed with the complaint purport to be transcripts of the fees taxed, with separate columns showing what fees are legal and what are illegal. This action is, in effect, to recover money paid on a judgment for costs, embracing these alleged illegal fees. It has been frequently decided that in an action to recover money paid on a judgment, a transcript of the judgment is not a necessary or proper exhibit with the complaint, since the payment of the money, and not the judgment, is the foundation of the action. We can not, therefore, look to the exhibits filed in this case to supply any defect that may appear in the complaint. *Holcroft* v. *Halbert*, 16 Ind. 256; *Lytle* v. *Lytle*, 37 Ind. 281; *Wilson* v. *Vance, Admr.*, 55 Ind. 584; *Dumbould* v. *Rowley*, 113 Ind. 353; *Armstrong* v. *Farmers' Nat'l Bank*, 130 Ind. 508.

Appellant, however, did not stand on the demurrer to his complaint, but joined with appellee in submitting the cause to the court for trial upon its merits. The complaint states sufficient facts, but states them somewhat imperfectly. Mere uncertainty, however, is not sufficient to render a complaint bad. Section 376, R. S. 1881; *Snowden* v. *Wilas*, 19 Ind. 10; *Lewis, Guar.,* v. *Edwards*, 44 Ind. 333. See, also, *Sohn* v. *Cambern*, 106 Ind. 302; *Jenkins* v. *Rice*, 84 Ind. 342; *Puett* v. *Beard*, 86 Ind. 104; *Martin* v. *Holland*, 87 Ind. 105; *Clegg* v. *Waterbury*, 88 Ind. 21; *Jones* v. *White*, 90 Ind. 255; *Boyd, Trustee,* v. *Caldwell*, 95 Ind. 392; *Eberhart* v. *Reister*, 96 Ind. 478; *Jackson* v. *Weaver, Admr.*, 98 Ind. 307; *Hedrick* v. *Osborne*, 99 Ind. 143; *Hyneman* v. *Roberts*, 118 Ind. 137; *Linder* v. *Smith*, 131 Ind. 147; *Taylor* v. *Hearn*, 131 Ind. 537.

The complaint in this case was drawn under section 8 of the act of 1883, which provides that if any public officer of the State shall obtain any fee denied him by the act, the person from whom he received such money shall have his right of civil action for the recovery of the same, and shall also recover damages, not less than ten nor more than thirty dollars, but such suit shall be preceded by demand. We think that the complaint substantially complies with the statute, and that, although subject to criticism by reason of vagueness and uncertainty in some respects, it is, nevertheless, to be held good on demurrer. A motion to make more specific would, perhaps, have been proper, for the purpose of reaching the defect complained of; and if the complaint might have been amended on such motion, it will, on appeal, be considered as so amended. Sufficient facts are stated in the complaint to render the judgment thereon a complete bar to any other suit for the same cause of action, and this is all that is necessary in such a case.

*Shappendocia* v. *Spencer*, 73 Ind. 128; *City of Huntington* v. *Mendenhall*, 73 Ind. 460; *Sheeks* v. *Erwin*, 130 Ind. 31; Works' Prac., section 493.

There was a motion to tax the costs of this action against the appellee, for the reason that the amount of the recovery was less than fifty dollars, being $28.45, for illegal fees, and $10 as damages, under the statute; and the overruling of the motion is assigned as error. We think the ruling of the court was correct. This was not a suit growing out of contract, but one authorized by special statute for the recovery of fees overcharged, and damages therefor.

Appellant relies upon *Thompson* v. *Doty*, 72 Ind. 336, and *Thompson* v. *Jacobs*, 74 Ind. 598, but the act of 1883, upon which this action is based, renders those cases inapplicable to the case at bar.

The judgment is affirmed.

Filed Sept. 28, 1893.