## CITY OF LAFAYETTE *v.* WEST.

[No. 6,691.  Filed February 24, 1909.]

1. TRIAL.—*Motions.—Arrest of Judgment.—Complaint.*—A motion in arrest of judgment is authorized by the Indiana practice, and should be overruled where the complaint imperfectly or ambiguously states the essential facts, and should be sustained where the complaint wholly fails to allege an essential fact. p. 326.

2. PLEADING.—*Complaint.—Duty.—Municipal Corporations.—Defective Sidewalks.*—A complaint against a city for injuries caused by a defective sidewalk, must set out facts showing a duty owing by defendant to the plaintiff, and a breach thereof by defendant, to plaintiff's injury.  p. 327.

3. PLEADING. — *Complaint. — Municipal Corporations. — Defective Sidewalks.*—A complaint alleging that defendant city negligently maintained a covered culvert depressed about six inches below the adjacent flagstones, that such stones had been allowed to wear slippery, and that as plaintiff passed over them her foot slipped from one of them into such depression and she fell, to her injury, is sufficient on a motion in arrest of judgment.  p. 327.

4. MUNICIPAL CORPORATIONS.—*Duties.—Sidewalks.*—Municipal corporations are required to use ordinary care to keep their sidewalks in a safe condition.  pp. 328, 329.

5. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Notice.—Contributory Negligence.*—Plaintiff's knowledge of the defective sidewalk whereon she received injuries will not preclude her recovery therefor, unless she was guilty of contributory negligence.  p. 328.

6. PLEADING.—*Complaint.—Contributory Negligence.*—Contributory negligence constitutes a defense; and a complaint which does not affirmatively show such negligence on the part of plaintiff is sufficient.  p. 328.

7. PLEADING. — *Complaint. — Contributory Negligence.— Municipal Corporations.—Defective Sidewalks.—Notice.*—A complaint alleging that the plaintiff carefully and cautiously attempted to step across a depressed culvert in the sidewalk, and in so doing stepped upon a slick flagstone, thereby slipping, to her injury, does not show contributory negligence.  p. 329.

8. PLEADING.— *Complaint.— Allegations.—Proof.—Verdict.—Motion in Arrest.*—A complaint which by its general terms and scope will admit proof of defendant's negligence, is sufficient on a motion in arrest of judgment, the verdict raising a presumption that all necessary facts were proved. p. 329.

9. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 329.

10. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Notice.—Contributory Negligence.—Question for Jury.*—Whether a woman in passing over a known defective sidewalk, receiving injuries thereby, was guilty of contributory negligence, is a question for the jury. p. 330.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Jane West against the City of LaFayette. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Arthur D. Cunningham* and *John F. McHugh,* for appellant.

*DeWitt C. Wilson, Martin A. Quinn* and *Charles E. Thompson,* for appellee.

MYERS, J.—Appellee brought this action against the appellant to recover damages for personal injuries alleged to have been sustained by appellee through the neglect of appellant to keep in repair a certain sidewalk.

A complaint in one paragraph, answered by a general denial, formed the issue submitted to a jury, resulting in a finding for appellee in the sum of $600. Over appellant's motion for a new trial and a motion in arrest of judgment the court rendered judgment on the verdict. Appellant reserved exceptions to each of said rulings, and in this court has assigned errors thereon.

Our practice recognizes a motion in arrest of judgment, and where, as in this case, it tests the complaint it must be sustained if the complaint does not state facts sufficient to authorize the rendition of a valid judgment. *Alexander* v. *Alexander* (1895), 140 Ind.

555; *Reed* v. *Browning* (1892), 130 Ind. 575; *McMillen* v.
*Terrell* (1864), 23 Ind. 163; *Van Gundy* v. *Carrigan*
(1892), 4 Ind. App. 333. Or, in other words, the complaint
must wholly fail to state an independent fact essential to
the cause of action. *Lockhart* v. *Schlotterback* (1895), 12
Ind. App. 683; *Coulter* v. *Bradley* (1902), 30 Ind. App.
421. On the other hand, if, by giving to the complaint the
benefit of every imperfect allegation of fact or facts am-
biguously pleaded, it would be good after verdict, although
not as against a demurrer, the motion should be overruled.
*McAfee* v. *Bending* (1905), 36 Ind. App. 628; *George* v.
*Robinson* (1905), 36 Ind. App. 310; *Reed* v. *Browning*
(1892), 130 Ind. 575; *Old* v. *Mohler* (1890), 122 Ind. 594;
*Shimer* v. *Bronnenburg* (1862), 18 Ind. 363.

This was an action for negligence, and to sustain the
same it must appear from the facts pleaded that appellant,
at the time of the alleged injury, was under some
duty to appellee; that there was a failure to perform
that duty, and that such failure caused appellee's in-
jury. *Faris* v. *Hoberg* (1893), 134 Ind. 269, 39 Am. St. 261;
*Daugherty* v. *Herzog* (1896), 145 Ind. 255, 32 L. R. A. 837,
57 Am. St. 204; *South Bend, etc., Plow Co.* v. *Cissne* (1905),
35 Ind. App. 373; *Town of Boswell* v. *Wakley* (1897), 149
Ind. 64.

In this case the complaint, in substance, alleged that on
January 25, 1907, in the city of LaFayette was a public
thoroughfare known as "First street;" that at a
point on the west side of said street and on the north
side of Ellsworth street, if extended east, as a part
of the sidewalk leading north and south, was a wooden,
box culvert six feet long and three feet wide; that this
culvert was used for the purpose of conducting water across
said sidewalk; that as it was originally constructed the top
of the culvert was on a level and at grade with said side-
walk at said point, and on a level with two flagstones ad-
joining thereto on the south side thereof, which stones ex-

tended across and formed a part of said walk; that the flow of water through and under said culvert had removed the earth from under it, causing it to sink about six inches below the top of said flagstones, which stones, by long use, had become smooth and slippery, and in which condition said walk at said point had so remained, without the knowledge of appellee and to the knowledge of appellant, for more than one year continuously next before the time of the alleged injury; that, between the hours of 4 o'clock and 5 o'clock of the afternoon of said January 25, appellee, while "slowly and carefully proceeding along said sidewalk" from the south, came to said culvert, and, while carefully and cautiously attempting to step across the same, her foot slipped off one of said smooth flagstones and into said depression, causing her to fall, whereby she received the injury of which she complains; "that said injuries were caused by and resulted from the carelessness and negligence of the city as aforesaid, and not otherwise."

In this State the law places upon cities and towns the duty of keeping the streets, sidewalks and bridges within the corporate limits thereof in a reasonably safe condition for travel, and for failure to do so they must respond in damages for a personal injury caused by such neglect (*City of Connersville* v. *Snider* [1903], 31 Ind. App. 218), nor will a recovery be precluded because of plaintiff's knowledge of such defects, unless it is made to appear that such person was guilty of contributory negligence. *City of Frankfort* v. *Coleman* (1898), 19 Ind. App. 368, 65 Am. St. 412; *Chicago, etc., R. Co.* v. *Gallion* (1907), 39 Ind. App. 604. By statute (§362 Burns 1908, Acts 1899, p. 58) the burden of showing contributory negligence is on the defendant, and unless the complaint alleges facts which overthrow the presumption of noncontributory negligence on the part of the plaintiff the pleading on that ground will be good, even as against a demurrer. *Greenwaldt* v. *Lake Shore, etc., R. Co.*

(1905), 165 Ind. 219; *McIntyre* v. *Orner* (1906), 166 Ind. 57, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359. So, if we accept appellant's contention that the pleading, by alleging that appellee carefully and cautiously attempted to step across the culvert, shows that she knew of the alleged defect in the sidewalk, yet, under the authorities before cited, this fact alone would not necessarily preclude a recovery.

Appellant also insists that the complaint fails to allege negligence on the part of the appellant. With the presumption that every fact necessary to support the verdict was proved at the trial, it was only necessary that the general terms and scope of the complaint was sufficient to admit the proof. *Shimer* v. *Bronnenburg, supra; Clegg* v. *Waterbury* (1882), 88 Ind. 21; *Fuller* v. *Cox* (1893), 135 Ind. 46; *Dickey* v. *Kalfsbeck* (1898), 20 Ind. App. 290. The appellant's duty to appellee while traveling along the walk grew out of the law requiring appellant to keep the sidewalks in a reasonably safe condition for travel. The failure of that duty is shown by the reasonable intendments from the facts pleaded, that appellant, with knowledge of the facts, permitted the culvert to be and remain in such a position relative to certain flagstones which had become so worn and slippery by long use as to render the walk defective and dangerous to persons traveling over the same, which omission of appellant to repair is characterized by a general allegation of negligence, which negligence caused the injury of appellee. The complaint was sufficient to withstand the motion in arrest of judgment.

The only question argued in support of the motion for a new trial is that the verdict is not sustained by sufficient evidence. Under this head appellant argues that by a clear preponderance and by the weight of the evidence appellee did not fall and receive her injury at the place in the sidewalk claimed to be out of repair. We

330        APPELLATE COURT OF INDIANA,

have carefully read all of the evidence in the transcript before us, and, from the testimony given to the jury by appellee and Mrs. Cunningham, the jury might readily have inferred that appellee did sustain personal injuries in the manner stated in her complaint. The question whether she used care commensurate with the danger encountered in crossing the culvert, under all of the conditions then and there open and visible to her, was, under the evidence presented by the transcript before us, one of fact for the jury. The jury having found that issue against appellant, under the well-settled rules of the Supreme Court and this Court, we are not at liberty to disturb the finding of the jury in that regard. Appellant has discussed no other question.

Judgment affirmed.